PULLAR, APPELLANT, *v.* UPJOHN HEALTH CARE SERVICES, INC. ET AL., APPELLEES.

(No. 47919—Decided November 19, 1984.)

*David Roloff,* for appellant.
*Richard A. Dean* and *Michael J. Manuszak,* for appellees.

PATTON, J. This appeal arises from judgments entered by the Cuyahoga County Court of Common Pleas granting the motion for summary judgment in its entirety filed by appellee UpJohn Health Care Services, Inc. (hereinafter UpJohn) and granting, in part, the motion for summary judgment filed by appellee Dart Medical Equipment, Inc. (hereinafter Dart Medical). The facts giving rise to the appeal as contained in the record provide the following:

On March 4, 1981, appellant, Lynn Pullar, filed a complaint in the court of common pleas naming as defendants, UpJohn, Dart Medical and Douglas Greenwold, individually and as President of Dart Medical. In her initial complaint, Pullar alleged four causes of action: (1) a violation of R.C. 4101.17 based on age discrimination; (2) a violation of a contractual understanding in which she was to have an explicit employment contract with UpJohn for two years; (3) an intentional interference by Dart Medical with the existing employment contract between Pullar and UpJohn by communicating falsehoods about Pullar to UpJohn; and (4) a wrongful discharge of Pullar based on her communicating to doctors the malfunctions in the pacemaker units.

On May 7, 1981, UpJohn filed a separate answer and counterclaim. On May 8, 1981, Dart Medical and Greenwold filed a motion for a definite statement. On May 8, 1981, Greenwold filed a motion to dismiss for lack of personal jurisdiction. On June 4, 1981, appellant filed an answer to UpJohn's counterclaim. Various pleadings were filed by

the parties pertaining to the motion for a more definite statement. On June 30, 1981, the court granted Greenwold's motion to dismiss for lack of personal jurisdiction.

On July 13, 1981, Pullar filed her amended complaint and alleged four causes of action. The actions are identical to those filed in the original complaint with the further clarification that the two-year employment contract was oral. On July 17, 1981, Greenwold filed a motion to dismiss for lack of personal jurisdiction based on Pullar's amended complaint. On July 21, 1981, UpJohn filed a separate answer to the amended complaint, and a counterclaim. On July 27, 1981, Dart Medical filed a separate answer to the amended complaint. On July 31, 1981, Pullar filed a reply to UpJohn's counterclaim. On September 28, 1981, the court granted Greenwold's motion to dismiss Pullar's amended complaint against him both individually and in his official capacity.

On November 24, 1981, UpJohn filed a motion for summary judgment. In its motion, UpJohn addressed each relevant cause of action. UpJohn argued that Pullar's cause of action under R.C. 4101.17 is barred by *res judicata* and collateral estoppel. UpJohn admitted that Pullar was employed with it from May 12, 1980 through November 20, 1980. UpJohn contends that Pullar was terminated for failure to follow a direct order of her employer. The referee of the Unemployment Compensation Board of Review found this contention meritorious. Pullar had applied for and was denied unemployment compensation. The referee of the board of review affirmed the administrator's decision and the board of review disallowed her request to institute a further appeal. The referee held that there was just cause for Pullar's discharge because of her failure to obey a written order given by UpJohn. Pullar failed to make a timely appeal of the denial to the court of common pleas, which resulted in a dismissal of her appeal. In Pullar's first cause of action, UpJohn argued that under R.C. 4101.17, in order to prove age discrimination, the appellant must prove that she had not been discharged for just cause.

UpJohn argues that the second cause of action is barred by the Statute of Frauds because Pullar admitted in her amended complaint that the employment contract was a two-year oral contract. UpJohn correctly asserts that Pullar's third cause of action is only applicable to Dart Medical. Finally, Pullar alleged wrongful discharge in her fourth cause of action and UpJohn argued that Pullar's discharge was found to be for just cause and her employment was terminable at will.

On December 10, 1981, Dart Medical filed a motion for summary judgment. On January 6, 1982, Pullar filed a brief in opposition to both of the motions for summary judgment. On January 13 and 14, 1982, UpJohn and Dart Medical respectively filed their reply briefs in support of their respective motions for summary judgment. On August 30, 1983, the court filed a judgment entry and opinion. The court held that: (1) the denial of unemployment compensation benefits on the basis that Pullar was terminated for just cause estopped Pullar from asserting a claim arising out of her discharge; (2) Pullar's claim for breach of contract was barred by the Statute of Frauds; and (3) no cause of action for wrongful discharge existed.

Pullar's third cause of action against Dart for interference with the employment contract and the counterclaim filed by UpJohn were not dealt with in the court's judgment entry. However, Pullar voluntarily dismissed her remaining cause of action without prejudice, and the counterclaim was also dismissed. On November 21, 1983, the trial court filed its judgment entry dismissing

the case. Pullar appeals, assigning the following errors:

"I. The trial court erred by granting summary judgment to defendants.

"II. The trial court erred by dismissing plaintiff's first cause of action based on a violation of Ohio Revised Code Section 4101.17.

"III. The trial court erred in dismissing plaintiff's second cause of action on the oral agreement and holding that it was barred by the statute of frauds.

"IV. The trial court erred in dismissing plaintiff's fourth cause of action alleging that plaintiff was wrongfully discharged."

## I

In appellant's first assignment of error, she contends that summary judgment should not have been granted. The remaining assignments express her reasons why summary judgment should not have been granted. Accordingly, for the sake of clarity, appellant's first assignment will be discussed within each of the remaining assignments.

## II

In the second assignment of error, appellant contends that summary judgment should not have been granted because a cause of action existed under R.C. 4101.17. This contention is without merit.

R.C. 4101.17 provides in part:

"(A) No employer shall discriminate in any job opening against any applicant *or discharge without just cause* any employee between the ages of forty and seventy who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

"(B) Any person between the ages of *forty and seventy* discriminated against in any job opening or discharged *without just cause* by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. * * *

"(C) The cause of action described in division (B) of this section * * * shall not be available in the case of discharges * * * where a discharge has been arbitrated *and has been found to be for just cause.*" (Emphasis added.)

In the case *sub judice,* after the appellant was discharged, she applied for and was denied unemployment compensation. Appellant pursued the administrative appeal procedure and in each decision, the reviewing tribunal held that she had been discharged for just cause.

The findings of fact given by the board of review referee stated that Pullar was employed as a pacecare monitor by UpJohn from May 11, 1980 until November 18, 1980. Pullar is a registered nurse, and the project she was involved in was to introduce computers to monitor pacemakers to the market in the Cleveland area. To carry out this assignment, Pullar was issued detailed instructions by her supervisor. The referee determined that she did not carry out her supervisor's instructions. On October 24, 1980, Pullar received a directive from her supervisor which instructed her to visit installations and equipment only when her supervisor was present. Pullar chose to ignore the directive, and on November 18, 1980, she was discharged because of failure to follow her supervisor's instructions.

The board of review referee held that the applicable law was R.C. 4141.29(D)(2)(a). The referee held Pullar was discharged for just cause in connection with work.

Appellees correctly assert that the finding by the referee of the Unemployment Compensation Board of Review that the appellant was discharged for just cause collaterally estops the appellant from raising the issue under R.C. 4101.17. To support this assertion, Up-

John cites *Barker* v. *Scovill* (1983), 6 Ohio St. 3d 146. In paragraph two of the syllabus, the court held:

"Within the context of R.C. 4101.17, 'just cause' for discharge is established if plaintiff was terminated for reasons other than those explicitly prohibited by the statute."

In the body of the opinion, the court elaborated at 149-150, stating:

"Finally, appellant suggests that an employer may not escape liability under R.C. 4101.17 simply by showing that he dismissed a member of the class which the statute protects for reasons other than the latter's age. The employer must also, appellant contends, adduce evidence that he discharged the employee for 'just cause.' We disagree. This court determined * * * that just cause was not an issue in an action alleging racial discrimination in contravention of R.C. 4112.02(A). We now hold that such a consideration is equally irrelevant in an R.C. 4101.17 age discrimination case. *Under the latter, and for purposes of this case, an employee has been discharged with just cause when his termination was not based on his age.*

"To condition an employer's right to discharge an employee between the ages of forty and seventy upon proof of just cause would confer greater rights upon that group of employees than would be enjoyed by others." (Emphasis added.)

In the case *sub judice,* it has already been established in a prior administrative hearing that the appellant's discharge was based on her refusal to follow orders. Therefore, it follows that her discharge could not be based upon her age. Appellant's argument to this court is that we should not allow the decision of the referee which denied her benefits because she was discharged for cause to interfere with her ability to bring a civil suit because she claims she was discharged on the basis of age discrimination. Appellant bases this dubious argument on the fact that no authority from Ohio or any other jurisdiction was cited in which an unemployment compensation finding by a referee was held to estop a litigant complaining of an improper discharge.

Appellant may be correct in stating that no case has ever dealt with facts concerning the administrative decision of the Unemployment Compensation Board of Review; however, the courts of Ohio and other jurisdictions have recognized the collateral estoppel effect of administrative findings. In one of the earliest decisions pertaining to decisions in administrative proceedings, the United States Supreme Court decided *United States* v. *Utah Construction Co.* (1966), 384 U.S. 394, at 422, and held:

"When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." (Citations omitted.)

The court held that a contractor could not relitigate the factual issues determined by the Board of Contract Appeals before the Court of Claims. The Supreme Court stated that to hold that *res judicata* principles do not apply to administrative proceedings is too broad. The court looked at three factors: (1) the board was acting in a judicial capacity when it considered the claims of the parties; (2) the factual disputes resolved were clearly relevant to issues properly before it; and (3) both parties had a full and fair opportunity to argue their version of the facts and an opportunity to seek out review of any adverse findings. When these factors are present, the court held: "[T]here is * * * neither need nor justification for a second evidentiary hearing on these matters already resolved as between these two parties." *Id.*

In cases decided after *Utah Construction,* the courts have stated caution

must be exercised before according an administrative determination collateral estoppel effect in a judicial proceeding. The courts have held that there is a need to be cautious before giving an administrative ruling a collateral estoppel or *res judicata* effect. Each case must be scrutinized as to whether the doctrine is applicable in light of the particular prior administrative proceedings. See *United States* v. *Lasky* (C.A. 9, 1979), 600 F. 2d 765; *Internatl. Wire* v. *Local 38, IBEW* (N.D. Ohio 1972), 357 F. Supp. 1018. See, also, *Montana* v. *United States* (1979), 440 U.S. 147 (United States Supreme Court held that redetermination of issues is warranted *if* there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation).

In *Superior's Brand* v. *Lindley* (1980), 62 Ohio St. 2d 133 [16 O.O.3d 150], the Ohio Supreme Court held that Superior could not relitigate the factual issues determined by the Board of Tax Appeals again in a second proceeding before the Board of Tax Appeals. The court adopted the reasoning of *Utah Construction* and held at 135:

"We recognize the need for flexibility in applying the doctrine of collateral estoppel to the administrative decision-making process; however, because of the need for finality, we hold that ordinarily where an administrative proceeding is of a judicial nature and where the parties have had an adequate opportunity to litigate the issues involved in the proceeding, the doctrine of collateral estoppel may be used to bar litigation of issues in a second administrative proceeding. In so ruling we join numerous courts including the United States Supreme Court. *United States* v. *Utah Construction & Mining Co.* (1966), 384 U.S. 394."

Appellant argues that collateral estoppel and/or *res judicata* was applicable in *Superior's Brand* because the second proceeding was before the same administrative agency. However, there is no reason to justify retrying the reason for appellant's discharge in the case *sub judice* when the identity of the parties and the issue — *i.e.,* the reason for Pullar's termination — would be exactly the same as those in the referee's hearing. See *Naff* v. *Standard Oil Company* (S.D. Ohio 1981), 527 F. Supp. 160. Appellant cites to *Alexander* v. *Gardner-Denver Company* (1974), 415 U.S. 36, in which the Supreme Court refused to bar a claim under the Civil Rights Act as a result of an arbitration proceeding arising out of a collective-bargaining agreement. The case is not applicable to the present situation because it involved an election of remedies issue. The arbitration proceeding arose out of a collective bargaining agreement, not a statutorily mandated administrative hearing.

In *Gear* v. *Des Moines* (S.D. Iowa 1981), 514 F. Supp. 1218, the court considered the collateral estoppel effect of an unemployment compensation board's finding that a former police officer left her employment voluntarily and without cause on the officer's subsequent civil rights action. The court stated at 1221 that "the doctrine of collateral estoppel should be employed more selectively and with a greater degree of flexibility when an administrative finding is involved." The court applied the three factors that the United States Supreme Court examined in *Utah Construction* and held that the determination by the Iowa Department of Job Service, after an administrative hearing on appeal, that a female former police officer had left her employment voluntarily and without good cause attributable to the employer, precluded relitigation of questions decided therein in a subsequent suit brought by the former officer alleging that her discharge violated the Civil Rights Act of 1871 and the Fourteenth Amendment. The court stated at 1223:

"In sum, collateral estoppel

precepts enunciated in *Utah Construction* apply herein to bar readjudication of disputed issues of fact resolved in a state evidentiary hearing, where both litigants were notified, heard, introduced evidence and were afforded the opportunity to seek court review of adverse rulings."

In *Knox* v. *Cornell University* (N.D. N.Y. 1982), 30 Fair Emp. Prac. Cas. (BNA) 433, plaintiff brought a Title VII action claiming he was fired because he was black. The decision of the unemployment compensation referee was that the plaintiff lost his job as a direct result of his own misconduct. That decision was affirmed by an unemployment insurance appeal board and a New York court. The District Court of New York affirmed and held at 436:

"* * * [A] party may be precluded from relitigating an issue of law or fact if there has been 'a full and fair opportunity to contest the decision said to be dispositive of the present controversy' and the issue is identical to the issue in the prior action. * * * [Citation omitted.] The cause for the termination of plaintiff's employment was the issue determined in the New York courts, and plaintiff was afforded a full and fair opportunity to contest the determination that he was discharged for an unreported absence."

In *Kremer* v. *Chemical Construction Corp.* (1982), 456 U.S. 461, the United States Supreme Court held that where a plaintiff had filed an employment discrimination charge with the EEOC, which referred the charge to the New York State Division of Human Rights which rejected the claim as without merit and whose decision was upheld on administrative appeal, and the New York Supreme Court, Appellate Division, affirmed, a federal district court was required to give preclusive effect to the judgment upholding the administrative agency's rejection of the employment discrimination claim. The Supreme

Court stated at 467 in fn. 6: "Under collateral estoppel, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue on a different cause of action between the same parties." The court at 480-481 added that:

"* * * [T]he judicially created doctrine of collateral estoppel does not apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue * * * [citations omitted]. 'Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of the procedures followed in prior litigation.' " (Citations omitted.)

The court held that the state must satisfy the applicable requirements of the Due Process Clause but then stated at 483: "We must bear in mind that no single model of procedural fairness, let alone a particular form of procedure, is dictated by the Due Process Clause." See *Ross* v. *Comsat* (D. Md. 1984), 34 Fair Emp. Prac. Cas. (BNA) 260, which cites to *Kremer*. The court considered the collateral estoppel effect of an unemployment compensation referee's determination that plaintiff had been discharged from his employment for misconduct, on the plaintiff's subsequent Title VII sex discrimination action. The court concluded that the administrative proceeding provided the plaintiff with a full and fair opportunity to litigate his claim.

In the case *sub judice,* appellant also attempts to argue that an unemployment compensation hearing is designed to be informal, expeditious and inexpensive. Findings under such a relaxed and abbreviated procedure should not be accorded *res judicata* effects. She also argues that a referee's determination may rest on evidence that would not be permitted in a court of law and under such circumstances, she should not be denied her day in court. But, see, *Gear,*

*supra.* A review of the record reveals that appellant was provided with the necessary rules of procedure to appeal her claim. The record indicates that appellant through her attorney did appeal the administrator's decision to the board of review referee. Therefore, appellant and her counsel had a full and fair opportunity to produce evidence, give testimony and cross-examine witnesses in order to prove her dismissal was without cause. Since the record before this case does not contain a transcript of the proceedings which occurred in the hearing before the referee of the board of review, we must adhere to the theory of presumption of regularity.

Furthermore, appellant failed to pursue her right to appeal to the court of common pleas in a timely fashion which waived any further attempts to appeal the reason for her leaving UpJohn. In *Trautman* v. *Standard Oil Co. of Indiana* (Minn. 1978), 263 N.W. 2d 809, the factual finding by a workmen's compensation bureau that the plaintiff was an employee of defendant was *res judicata* in a common-law action for negligence brought by the plaintiff. The court held at 814-815:

"No appeal was taken from the North Dakota Workmen's Compensation Board's determination even though Trautman was represented by an attorney before the last award was granted. [Footnote omitted.]

"We therefore hold that a final determination as to the employment relationship of Trautman and American Oil was made by the North Dakota Workmen's Compensation Bureau and is res judicata, preventing this common-law action."

Appellant also attempts to argue that the assertion of collateral estoppel and *res judicata* in a summary judgment motion rather than an answer is improper and constitutes a waiver. This argument is without merit. Civ. R. 8(C) requires that affirmative defenses, including *res judicata* and collateral estoppel, be specifically set out. However, Civ. R. 12(H) (as amended July 1, 1983)[1] no longer provides for general waiver of affirmative defenses not pleaded. Certain specific defenses are discussed but no reference to collateral estoppel or *res judicata* is made; therefore, they cannot be considered waived.

Finally, appellant's first assignment of error as it relates to Dart Medical is without merit. R.C. 4101.01(C) defines an employer as "every person, firm, corporation, agent, manager, representative, or other person having control or custody of any employment, place of employment, or employee." Pullar's amended complaint alleged that she had an employment contract with UpJohn, not Dart Medical, and that she was supervised and under the control of UpJohn. Therefore, Dart Medical cannot be considered an employer under the terms of R.C. 4101.17.

Accordingly, appellant's second assignment of error is without merit.

### III

In the third assignment of error, appellant contends that summary judgment should not have been granted because her oral contract agreement was not barred by the Statute of Frauds. This contention is without merit.

R.C. 1335.05 states in part:

*"No action shall be brought* whereby

---

[1] "Effective date of amendments. The amendments submitted by the Supreme Court to the General Assembly on January 12, 1983 shall take effect on July 1, 1983. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that their application in a particular action pending when the amendments take effect would not be feasible or would work injustice, in which event the former procedure applies." Civ. R. 86(I).

There is no evidence that the application of the amended Civ. R. 12(H) would "work injustice" since appellant never raised this objection before the trial court.

to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, *or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.*" (Emphasis added.)

In her amended complaint the appellant states that "on or about May 12, 1980, she entered into an oral contract with UpJohn wherein she agreed to work for UpJohn for at least two years, and wherein UpJohn agreed to employ Plaintiff regardless of the success or failure of the project to which she was being assigned." There was no allegation that the contract was a one-year contract with an agreement to renew at least once.

Even assuming *arguendo* that the contract was a one-year contract with a mandatory renewal agreement, UpJohn would still be bound for a time period greater than one year. Therefore, the alleged oral contract is unenforceable under the Statute of Frauds.

Accordingly, appellant's third assignment of error is without merit.

## IV

In the fourth assignment of error appellant contends that summary judgment should not have been granted because there was a question of fact as to whether she was wrongfully discharged. This contention is without merit.

Appellant contends that she was discharged for reasons that were contrary to public policy. She cites to *Henkel v. Educational Research Council* (1976), 45 Ohio St. 2d 249 [74 O.O.2d 415], to support the theory that Ohio recognizes that under common law an employee not employed for a definite term is deemed an employee at will, whose services could be terminated at the will of the employer. Appellant then begins a lengthy dissertation on employees at will and cases from other jurisdictions which provide for employees to assert a claim for relief based on the public policy exception to the employment at will doctrine. The entire discussion is irrelevant.

Employment at will results if there is an absence of facts or circumstances which indicate that the agreement is for a specific term. In the case *sub judice,* the amended complaint alleges a two-year oral contract which is a violation of the Statute of Frauds and cannot be enforced. UpJohn contends in its motion for summary judgment that if the contract is unenforceable, then Pullar is an employee at will. However, the trial court stated that an independent cause of action for wrongful discharge in tort, the one exception to the employee at will doctrine, does not exist in Ohio.

Furthermore, appellant is estopped from relitigating the issue of the cause of her discharge because the findings of the referee of the board of review concluded that the appellant was discharged for her failure to follow a directive issued by her supervisor. Therefore, she cannot now claim an action for wrongful discharge.

Accordingly, appellant's fourth assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, C.J., concurs.

PARRINO, J., dissents.

PARRINO, J., dissenting. I respectfully dissent. A review of the facts in the case at bar, and the applicable case law, reveals that the trial court erred in granting summary judgment on the count of plaintiff-appellant's complaint alleging an age discrimination violation under R.C. 4101.17.

R.C. 4101.17 creates a cause of action separate and distinct from that provided by the unemployment compensation statutes. R.C. 4101.17 provides in pertinent part:

"(B) Any person between the ages of forty and seventy discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. If the court finds that an employer has discriminated on the basis of age, the court shall order an appropriate remedy which shall include reimbursement to him for the costs, including reasonable attorney fees, of the action, or to reinstate the employee in his former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse him for the costs, including reasonable attorney fees, of the action."

The only exception to this is expressly stated in subdivision (C) of R.C. 4101.17, which states as follows:

"The cause of action described in division (B) of this section and any remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code shall not be available in the case of discharges where the employee has available to him the opportunity to arbitrate the discharge or where a discharge has been arbitrated and has been found to be for just cause."

Clearly, the General Assembly, in drafting subdivision (C) of R.C. 4101.17, contemplated an arbitration hearing that provided an individual with a full and fair opportunity to argue the issue of whether the discharge was based on age discrimination. Since there was no arbitration hearing in the instant case, the trial court could not have relied on R.C. 4101.17(C) in granting UpJohn's motion for summary judgment relating to appellant's claim of alleged age discrimination. Instead, the trial court relied upon the doctrine of collateral estoppel in order to preclude a trial on this subject.

An adminstrative determination can collaterally estop a civil action if: (1) the board was acting in a judicial capacity when it considered the claims of the parties; (2) the factual disputes resolved were clearly relevant to issues properly before it; and (3) both parties had a full and fair opportunity to argue their version of the facts and an opportunity to seek out review of an adverse finding. *United States* v. *Utah Construction Co.* (1966), 384 U.S. 394, at 422. In my opinion, UpJohn did not establish that all three of the above factors existed.

The record in this case discloses that appellant's employment was terminated for a reason entirely unrelated to age discrimination. More specifically, there is no evidence in the record to show that appellant argued or had the opportunity to argue the issue of age discrimination before the administrator, or the referee of the board of review; nor is there any evidence that the issue of age discrimination was ever mentioned or considered in those proceedings. Absent such evidence, I believe that the determination made by the referee does not estop appellant from bringing an action under R.C. 4101.17.

Accordingly, I would reverse the trial court's judgment regarding appellant's claim for wrongful discharge based on age discrimination and remand this issue for trial as provided in R.C. 4101.17.