CHARLES MARTIN *vs*. MICHAEL RING, administrator.[1]

Middlesex.   September 10, 1987. — November 3, 1987.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Collateral Estoppel. Administrative Law*, Preclusive effect of decision. *Workmen's Compensation Act*, Decision of Industrial Accident Board.

A plaintiff in a negligence action was collaterally estopped to assert a causal connection between his back injury and a fall from the defendant's second-floor porch, where a competent tribunal, the Industrial Accident Board, had fully considered in a workmen's compensation hearing the causation of the plaintiff's back injury and had fairly determined the back problems were unrelated to the accident. [62-64]

CIVIL ACTION commenced in the Superior Court on April 19, 1977.

The case was tried before *John P. Forte*, J., sitting under statutory authority, and a question of law was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*William H. Shaughnessy* for the plaintiff.

*Robert W. Carlson* (*Daniel M. Malis* with him) for the defendant.

LIACOS, J.   The plaintiff brought this negligence action against Joseph Dooley (now deceased) for injuries allegedly sustained while working on the porch of Dooley's house. Prior to trial, the defendant filed a motion in limine to preclude introduction of evidence that the plaintiff suffered a back injury as a result of the accident. The defendant asserted that the plaintiff was collaterally estopped from raising this issue by an adverse decision of the Industrial Accident Board (board), which found that the plaintiff's back injury did not result from

---

[1] Of the estate of Joseph Dooley (defendant).

his fall from Dooley's porch. The trial judge granted the motion and directed a verdict for the defendant.[2] The judge reported his interlocutory ruling pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974).[3] We granted the plaintiff's application for direct appellate review. We answer the reported question in the affirmative. Consequently, we order the entry of judgment for the defendant.

The facts included by the judge in his report are these. There was a contract between Dooley and the plaintiff's employer to repair portions of Dooley's home. The plaintiff, in the course of his employment, was doing carpentry work at Dooley's home. On October 25, 1976, the plaintiff fell fourteen feet from the second-floor porch, landing on the lawn and sustaining injuries.

The plaintiff filed a claim for workmen's compensation. Included in his claim were injuries to his back. The defendant in the present suit was not a party to that action. A single member of the board found, inter alia, that the plaintiff's back problems were unrelated to the 1976 accident. The member ordered that the plaintiff receive "temporary total incapacity compensation benefits" from October 25, 1976, to June 1, 1977, based on disabilities stemming from shoulder, rib, and thigh injuries. On appeal, the reviewing board adopted the findings and decision of the single member. The plaintiff appealed the board's decision to the Superior Court. The decision of the board was affirmed. On further appeal, the Appeals Court summarily affirmed the decision of the Superior Court. *Martin's Case*, 11 Mass. App. Ct. 1041 (1981).

In the present case against the estate of the homeowner, the defendant has asserted the defense of collateral estoppel. The

---

[2] The parties have stipulated that, if the doctrine of collateral estoppel applies to this case, judgment should enter for the defendant; otherwise, the matter should be remanded for trial.

[3] The question reported is as follows:

"[W]hether a defendant, not a party to an Industrial Accident Board action, may by way of collateral estoppel use defensively a finding against the plaintiff by the Industrial Accident Board before whom the plaintiff was the petitioner on an issue properly tried and decided which finding was later affirmed by the Superior Court and the Appeals Court?"

judicial doctrine of issue preclusion, also known as collateral estoppel, provides that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Fireside Motors, Inc.* v. *Nissan Motor Corp. in U.S.A.*, 395 Mass. 366, 372 (1985), quoting Restatement (Second) of Judgments § 27 (1982). See *Fidler* v. *E.M. Parker Co.*, 394 Mass. 534, 539 (1985), and cases cited. The purpose of the doctrine is to conserve judicial resources, to prevent the unnecessary costs associated with multiple litigation, and to ensure the finality of judgments. See *Massachusetts Property Ins. Underwriting Ass'n* v. *Norrington*, 395 Mass. 751, 756 (1985). In certain circumstances, mutuality of parties is not required. A nonparty may use collateral estoppel defensively against a party to the original action who had a full and fair opportunity to litigate the issues in question. *Home Owners Fed. Sav. & Loan Ass'n* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 455 (1968). See *Fireside Motors, Inc., supra; Fidler, supra* at 541.

So long as there is an identity of issues, a finding adverse to the original party against whom it is being asserted, and a "judgment on the merits by a court of competent jurisdiction," *Almeida* v. *Travelers Ins. Co.*, 383 Mass. 226, 229 (1981), quoting *Franklin* v. *North Weymouth Coop. Bank*, 283 Mass. 275, 280 (1933), collateral estoppel may apply. Generally, this last condition means that the tribunal rendering judgment must have authority by law to adjudicate the controversy. *Harker* v. *Holyoke*, 390 Mass. 555, 560 (1983). *Almeida, supra* at 230. "Where power or jurisdiction over a subject is delegated to any public officer or tribunal and its exercise is confided to his or their discretion, the facts necessarily established by decisions lawfully made pursuant to that authority are binding and conclusive, except on appeal." *Almeida, supra.*

This rule is particularly apt in the workmen's compensation context. We have long recognized both the board's quasi judicial nature and its primacy in enforcing the Workmen's Compensation Act. See *Assuncao's Case*, 372 Mass. 6, 8-9 (1977)

Martin v. Ring.

(recognizing agency's primary expertise in, and responsibility for, enforcement of workmen's compensation laws); *Haley's Case*, 356 Mass. 678, 679 (1970) (according same deference to findings of board as to findings of judge or jury); *Pigeon's Case*, 216 Mass. 51, 56 (1913) (concluding that the word "'court' . . . may be given a signification liberal enough to include [the board] . . . and under all circumstances should be given such construction").[4]

The guiding principle in determing whether to allow defensive use of collateral estoppel is whether the party against whom it is asserted "lacked full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue." *Fidler, supra* at 541, quoting Restatement (Second) of Judgments § 29 (1982). See also *Fireside, supra* at 373. "Before applying collateral estoppel to preclude a party from relitigating an issue, a court must answer affirmatively three questions: 'Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?'" *Massachusetts Property Ins. Underwriting Ass'n v. Norrington, supra* at 753, quoting *Bernhard v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 19 Cal.2d 807, 813 (1942).

The central issue in this action, and one of the key issues in the workmen's compensation hearing, was the causation of the plaintiff's back injury.[5] The record demonstrates that the causation issue was one fully litigated and essential to the

---

[4] Neither party has addressed the question whether the judgment of the Superior Court upholding the board's decision, as affirmed by the Appeals Court, is an alternative basis to determine that the issue of the causal relation of the back injury to the plaintiff's fall was concluded by a "court of competent jurisdiction." Since the record contains no memorandum or opinion as to the basis of either the Superior Court or the Appeals Court decision upholding the board's decision, we base our answer on the principles stated in the text.

[5] During oral argument, the plaintiff claimed that new facts established the 1976 accident as the cause of his back problems. There is nothing in the record to support this claim.

findings of the board. The single member considered numerous hospital records, witnesses' testimony, and physicians' depositions. The board reviewed the same evidence. There has been no showing to cast doubt on the quality, extensiveness, or fairness of the prior adjudication. See *Montana* v. *United States*, 440 U.S. 147, 164 n.11 (1979). Nor is there any reason to conclude that this plaintiff did not have a full and fair hearing on the merits. See *Fidler, supra* at 540.

We are unpersuaded by the plaintiff's argument that, as a matter of policy, collateral estoppel should not apply to workmen's compensation decisions.[6] In taking this position, we believe that we are in accord with the view in other jurisdictions that have considered this matter. See, e.g., *Pullar* v. *UpJohn Health Care Servs., Inc.*, 21 Ohio App. 3d 288, 290 (1984) (board finding that plaintiff was discharged for just cause collaterally estopped her from raising issue in civil suit); *Hardy* v. *Fleming*, 553 S.W.2d 790, 793 (Tex. Civ. App. 1977) (jury determination in workmen's compensation suit, regarding no proximate cause, bars plaintiff from relitigating the issue). But see *Bordeaux* v. *Ingersoll Rand Co.*, 71 Wash. 2d 392 (1967) (defendant may not assert collateral estoppel defensively where workmen's compensation claim decided in informal nonadversary setting).

The plaintiff had ample opportunity in the prior adjudication to present evidence and to cross-examine witnesses. See *Pullar, supra* at 294. We see no reason of policy that should prevent the board's decision from having preclusive effect. The remedy

---

[6] The plaintiff relies heavily on *Kelly* v. *Trans Globe Travel Bureau, Inc.*, 60 Cal. App. 3d 195 (1976), for the proposition that, as a matter of policy, collateral estoppel should not apply to workmen's compensation decisions. We note that the Supreme Court of California has not accepted the position of the Court of Appeal in *Kelly*. See *Clemente* v. *California*, 40 Cal. 3d 202, 222 (1985) (noting it is well established that res judicata applies to workmen's compensation determinations, as does collateral estoppel, where party against whom it is asserted was party to prior adjudication). See also *Anderson-Cottonwood Disposal Serv.* v. *Workers' Compensation Appeals Bd.*, 135 Cal. App. 3d 326, 332 (1982) (stating that "both trial court and workmen's compensation agency are bound to accept the other's prior adjudication . . . [unless] the issue . . . is yet unsettled").

of appeal was open to the plaintiff, and he utilized it, albeit unsuccessfully. Thus, a competent tribunal having determined fairly the issues, the judge applied properly the doctrine of defensive collateral estoppel.

Having answered the question reported in the affirmative, we order the entry of judgment for the defendant, pursuant to the stipulation of the parties.

*So ordered.*