Fecteau, J.
This case arises out of an action by Reece Jane Freeman (“the plaintiff’) as Administratrix of the Estate of Ruth Freeman (“the decedent”), her mother. Prior to the plaintiffs appointment as administratrix, the plaintiff and private counsel hired Mary Schmidt (“Schmidt") to administer the Trust left by her father and the estate left by the decedent. During Schmidt’s tenure as administratrix Schmidt hired Rutland Nurseries, Inc. (“the defendant”) to perform landscaping on the decedent’s property. The plaintiff was unhappy with Schmidt and sought to remove Schmidt as administratrix. The plaintiff used the work that the defendant had done on the property as one of the reasons for Schmidt’s removal. The issue of Schmidt’s fitness was litigated in the Probate and Superior Courts.
Schmidt was later removed as administratrix and the plaintiff filed this action against the defendant, alleging breach of contract, unjust enrichment, conversion, consequential damages and 93A violations.
The defendant now moves for summary judgment pursuant to Mass.R.Civ.P. 56 arguing that plaintiffs claims are barred through the doctrine of res judicata because the plaintiff has already litigated the issue of the defendant’s compensation for work done on the property in the actions against Schmidt in the Probate Court and the Superior Court. For the following reasons, defendant’s motion for summary judgment is ALLOWED.

BACKGROUND

The summary judgment record indicates the following facts, considered in the light most favorable to plaintiff as the nonmoving party.
The plaintiff and her brother were each fifty percent beneficiaries of the estate of their mother (“the Estate”). Schmidt was hired by the plaintiff to be the Administratrix of the Estate on January 26, 1994.
In September of 1994, the plaintiff sought to remove Schmidt as Administratrix in Probate Court. The plaintiff’s brother had initial concerns about Schmidt’s work as Administratrix but opposed plaintiffs attempt to remove her. This action followed approximately eight months of contentious interactions between the plaintiff and Schmidt primarily revolving around the home of the decedent. The plaintiff argued that she had a right to live in the home and Schmidt argued that the home belonged to the estate and if the plaintiff wanted to live there she had to pay *628 rent. During this time Schmidt made arrangements for the care and maintenance of the premises and the grounds outside it. The plaintiff opined that the services were not sufficient and made arrangements to have the work done at her own expense and without the permission of Schmidt. Even though the plaintiff did not have the permission of Schmidt she sent receipts to Schmidt for reimbursement.
Schmidt hired the defendant as an independent landscaper to maintain the grounds of the premises. The plaintiff thought that the defendant did “a sloppy job”, and hired her own landscapers, Jack Langone and Bartlett Tree Experts.
In addition to those issues surrounding the home and the grounds, other incidents between the plaintiff and Schmidt led to the plaintiffs 1994 petition to remove Schmidt as the administratrix. On October 18, 1995, a justice of the Probate Court denied the plaintiffs motion to dismiss Schmidt as administratrix and found that Schmidt, “acted appropriately, reasonably and impartially in her duties as administratrix despite the hostility of [the plaintiff] against her.”
In November of 1994, the plaintiff also filed an action against Schmidt in Superior Court alleging breach of fiduciary duty, negligence, breach of contract, quantum meruit, infliction of emotional distress, conversion, and illegal eviction. Judge van Gestel allowed in part Schmidt’s motion for summary judgment on Counts V-VIII, citing collateral estoppel and res judicata in light of the Probate judge’s findings on the circumstances surrounding those Counts. Count VIII of that complaint at paragraph 74 alleges that part of Schmidt’s breach was “failing to properly care for and maintain the estate property.” The plaintiff filed an appeal of Judge vanGestel’s ruling but has since taken no action.
The plaintiff then filed this action against the defendant and the defendant now seeks summary judgment.

DISCUSSION

I. Standard of Review
Summary judgment is appropriate when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating both the absence of triable issues and its entitlement to judgment as a matter of law. See Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who would not bear the burden of proof at trial may demonstrate the absence of triable issues by either submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party would have no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). To overcome a summary judgment motion, the nonmoving party must articulate specific facts establishing the existence of general issues of material facts. Pederson, supra, at 17. Bare assertions or conclusions regarding an individual’s understandings and assumptions are insufficient to withstand a well pleaded motion for summary judgment. Polaroid Corp. v. Rollins Envti. Servs., 416 Mass. 684, 696 (1993).
II. Issue Preclusion
“A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a ‘right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies.’ ”[1] Fidler v. E.M. Parker Co., 394 Mass. 534, 539 (1985), quoting, Montana v. United States, 440 U.S. 147, 153 (1979), quoting, Southern Pac. R.R. v. United States, 168 U.S. 1, 48-49 (1968). A player not a party to the first action may use the doctrine of issue preclusion as a defense against a party who was the plaintiff in the first action on issues which were the subject of the judgment in the first case. See Fidler, supra, at 541. Issue preclusion does not “require mutuality of parties, so long as there is an identity of issues, a finding adverse to the party against whom it is being asserted, and a judgment by court or tribunal of competent jurisdiction.” See Miles v. Aetna Cas. & Sur. Co., 412 Mass. 424, 427 (1992), quoting, Martin v. Ring, 401 Mass. 59, 61 (1987). When the above is satisfied the fundamental inquiry then becomes whether the issue on which preclusion is sought has been the product of full and careful deliberation. Id., citing Home Owners Fed. Sav. & Loan Ass’n v. Northwest Fire & Marine Ins. Co., 354 Mass. 448, 455 (1968).
In the case at bar, the plaintiff argues that issue preclusion is not implicated in this action because; (1) the defendant was not a party to the actions between Schmidt and the plaintiff; (2) the claims in the previous Probate and Superior Court actions are not the same as the claims at bar because they sound in contract and the previous claims related to Schmidt’s fitness as a fiduciary; (3) the courts were not of competent jurisdiction as the Probate Court lacks jurisdiction to determine actions to recover money damages; and (4) the Superior Court action is not a final judgment because it is being appealed. This Court will deal with each argument in turn.
The plaintiff first argues in her brief that the defendant was not a party to the prior actions and extended this assertion during oral arguments by stating that the parties were also not in privity because no duties flowed between them. The plaintiff confuses the relationship between legal duties and parties in privity for the purposes of issue preclusion. Although the defendant was not an actual party to the first actions, this does not automatically rule out the application of issue *629 preclusion. Issue preclusion requires that a party against whom issue preclusion is being asserted in the present action be a party or in privity with a party to the prior adjudication. See TLT Const. Corp. v. A. Anthony Tappe & Assoc., Inc., 48 Mass.App.Ct. 1, 5 (1999). Schmidt hired the defendant in her capacity as agent of the Estate. The plaintiff sued Schmidt in her capacity as Administratrix for breach of her fiduciary duty to the Estate and used Schmidt’s hiring of and her payments to the defendant as evidence of said breach. The defendant was in privity with Schmidt by virtue of their contract and in privity to the suit by virtue of the fact that plaintiff sought to prove her case against Schmidt through the actions of the defendant. Therefore, this Court finds that the defendant was a party in privity to the first actions for the purposes of issue preclusion.
The plaintiff next argues that the claims in the previous Probate and Superior Court actions are not the same as the claims at bar because they sound in contract and the previous claims related to Schmidt’s fitness as a fiduciary. The plaintiff argues that the defendant cannot prove claim preclusion as it requires that there be an identity of causes of action in the prior and present action. While the defendant incorrectly asserts claim preclusion in its memoranda, it argues issue preclusion and this Court will address the defendant’s argument through the defense of issue preclusion. Issue preclusion is a slightly more narrow doctrine than claim preclusion under res judicata and acts as a bar in a subsequent action on the same or different claims only when an issue of fact or law was actually litigated and determined by a valid and final judgment. See TLT Const. Corp., supra, at 6-7. The defendant need only show that an issue of fact was previously litigated and was essential to the final judgment.
The defendant argues that part of the plaintiffs case against Schmidt revolved around the hiring of the defendant and the services of the defendant. The plaintiff attempts to counter this argument by stating that the defendant was never mentioned by name in the previous lawsuits. This argument must fail because the record clearly indicates that the defendant is the landscaper that the plaintiff used in her claims against Schmidt. Schmidt hired the defendant as a neutral landscaper when the plaintiff claimed that the grounds of the property were not being kept up. The plaintiff gave Schmidt the name of her landscaper, Jack Langone, but Schmidt went with the defendant instead. When the plaintiff became unhappy with the job that the defendant had done she hired Langone and Bartlett Tree Experts at her own expense and then attempted to get reimbursed by Schmidt for these services. In Count VIII of the plaintiffs complaint against Schmidt she used her displeasure with Schmidt’s choice of the defendant and the defendant’s services as evidence of Schmidt’s breach of fiduciary duty to the Estate. As part of the Superior Court’s summary judgment decision on that count the Court applied the doctrine of res judicata because the Probate Court already found that this evidence, regarding the defendant and the state of the property, coupled with the other incidents of displeasure the plaintiff had with Schmidt did not prove that Schmidt was not performing her duties as a fiduciary to the Estate. In other words the Court found that Schmidt’s hiring of the defendant, the defendant’s work, and the defendant’s payment were not a violation of Schmidt’s fiduciary duty and the payments to the defendant were upheld. It is disingenuous for the plaintiff to now argue that the defendant’s work or payment for that work were not at issue in the plaintiffs claim against Schmidt. Although not named, the defendant is the only landscaper hired by Schmidt. The plaintiffs displeasure with the work of the “landscaper” was displeasure with the defendant and the plaintiff attempted to use the defendant’s work and payment for that work as evidence of Schmidt’s breach. For the doctrine of issue preclusion to apply it does not matter that the plaintiff s claims against Schmidt sounded in tort for the first action and contract for the current action. The claims are different but an issue of fact, regarding the defendant’s performance and payment, are the same.
The plaintiff next argues that the doctrine of issue preclusion cannot be applied because the Probate Court lacks jurisdiction over money damages. This conclusory argument does not fully address the court of competent jurisdiction inquiry. A court of competent jurisdiction is one which is “recognized by law as possessing the right to [adjudicate the controversy.” Brunson v. Wall, 405 Mass. 446, 450 (1989). While it is true that the Probate Court lacks jurisdiction over money damages the relevant inquiry is whether the courts are of competent jurisdiction regarding the controversy. Here the similar issue and the heart of the controversy is the defendant’s performance and compensation for that performance. In the previous case this issue related to a controversy surrounding Schmidt’s performance. “Probate Courts shall also have jurisdiction concurrent with the . . . superior courts of all cases and matters . . . relative to: (i) the administration of the estates of deceased persons . . . (iv) cases involving in any way the estate of a deceased person . . .” G.L.c. 216, §6. Because the plaintiff tried to use the defendant’s performance and its compensation for that performance as evidence that Schmidt should be removed in the Probate Court action relative to the administration of the Estate and now the plaintiff is attempting to use the defendant’s performance in her breach of contract claim in her capacity as administratrix of the Estate in this Superior Court action, the courts have competent jurisdiction over the controversy that is the subject of the issue preclusion defense.
*630 Finally, the plaintiff argues that even if the above prerequisites for issue preclusion are met, the doctrine cannot apply because the plaintiff is appealing the Superior Court action against Schmidt and therefore there has not been a full and final decision on the disputed issue. While this is a valid argument regarding the Superior Court action against Schmidt there has been a full and fair deliberation of the issue of defendant’s work and compensation by the Probate Court. The judge in the Probate Court action found that Schmidt acted “appropriately, reasonably, and impartially ...” regarding the administration of the Estate. Part of her actions deemed appropriate by the Probate Court were the hiring of and the payment to the defendant.[2] Moreover, and not withstanding the fact that the Probate Court in 1999 found the hostility between Schmidt and the plaintiff to unreasonably interfere with Schmidt’s ability to manage the estate, the Probate Court did approve of the 1995 and 1996 payments by Schmidt to the defendant. The decision to approve of those payments post-dated the decisions of Judge Ricci in the Probate Court and Judge vanGestel in the Superior Court.
Because the issue of the defendant’s work and its compensation for that work have already been adjudicated by a court of competent jurisdiction, the plaintiff is barred from relitigating that issue in this Court through the doctrine of issue preclusion.

ORDER

For the foregoing reasons it is hereby ORDERED that defendant’s motion for summary judgment be ALLOWED.

 The defendant contends that the plaintiffs action is barred by claim preclusion under the doctrine of res judicata. The correct bar in this case would be issue preclusion. Although the term ‘res judicata’ includes both claim preclusion and issue preclusion, claim preclusion requires identity of causes of action and issue preclusion requires that an issue previously litigated is identical to an issue in the present litigation. See TLT Const. Corp. v. A. Anthony Tappe & Assoc., Inc., 48 Mass.App.Ct. 1, 5 (1999).

 While the Probate Court did not specifically rule on Schmidt’s actions relative to the defendant, the plaintiff used the defendant and her claims surrounding the defendant’s work and compensation as evidence of Schmidt’s unreasonableness. The Probate Court’s finding of reasonableness is instructive to this Court on the same issue.