McCann, J.
On April 28, 1995, the plaintiff, Juana G. Colon, and defendant, Livingston M. Flomeh, were involved in an automobile collision. The plaintiff filed a claim in the Fitchburg District Court against the defendants alleging negligence and seeking damages for medical injuries and loss of work. The district court judge found both parties fifty percent negligent and awarded the plaintiff damages. The defendant transferred this case to the Superior Court for jury trial pursuant to G.L.c. 231, §102C. Presently before this court is the defendants’ motion for involuntary dismissal. For the following reasons, the defendants’ motion is DENIED,
DISCUSSION
The defendants seek dismissal pursuant to Massachusetts Rules of Civil Procedure, Rule 41(b)(2), arguing that “on the close of the plaintiffs evidence and upon the facts, the plaintiff is collaterally estopped from relitigating the issue of the plaintiffs negligence.” On motion of a defendant, pursuant to Rule 41(b)(2), “the court may, in its discretions dismiss any action for failure of the plaintiff to prosecute or to comply with . . . [the Massachusetts Rules of Civil Procedure] or any order of the court.” Mass.Civ.P. 41(b)(2), Further, after the plaintiff has completed the presentation of his evidence “in an action tried by the court without a jury,” the defendant may move for dismissal, “it upon the facts and the law, the plaintiff has shown no right to relief.” Mass.R-Civ.P. 41(b)(2) & Reporters Notes (emphasis added), As the plaintiff has not failed to prosecute or comply with a court order or procedural rule, and as this action is scheduled for jury trial, the defendants’ motion is improper. In the interest of judicial economy, however, this court will briefly discuss the applicability of the doctrine of collateral estoppel.
The defendants seek to bar the plaintiffs from litigating the issue of negligence on the ground that the plaintiffs greater fault was previously established by the fact that she received a surcharge on her insurance, which was upheld on appeal to the “Merit Ratings Board.” However, the same issue was subsequently heard by a district court judge who found the plaintiff and defendant equally at fault, awarding damages to the plaintiff.[2] “A nonparty may use col *622 lateral estoppel defensively against a party to the original action who had a full and fair opportunity to litigate the issues in question.” Martin v. Ring, 401 Mass. 59, 61 (1987). Significantly, this doctrine “is premised upon an underlying confidence that the result achieved in the initial litigation was substantially correct.” Standefer v. United States, 447 U.S. 19, 23 n.18 (1980). Where, as here, two inconsistent determinations have been made on the same issue, application of the estoppel doctrine would be inappropriate. See Standefer, 447 U.S. at 23 n.17; Joslyn Manufacturing Co. v. Liberty Mutual Insurance Co., 939 F.Sup. 603 (ND.Ill. 1996) (“The doctrine of collateral estoppel does not apply when the determination relied on as preclusive is inconsistent with another determination of the same issue.”) citing Restatement (Second) of Judgments §29(4) (1982).
ORDER
For the foregoing reasons, it is therefore ORDERED that the defendants’ motion for involuntary dismissal be DENIED.

By virtue of the fifth paragraph under G.L.c. 231, §102C, “time District Court’s decision is prima facie evidence in the Superior Court’s de novo hearing, requiring a verdict for the party who prevailed in the District Court unless rebutted by evidence to the contrary. Dolphino Corp. v. Alcoholic Beverages Control Commission, 29 Mass.App.Ct 954, 955 (1990) (rescript) citing Fulton v. Gauthier, 357 Mass. 116, 117-18 (1970).