## CARE AND PROTECTION OF BENJAMIN.[1]

Bristol. May 2, 1988. — July 18, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Parent and Child,* Care and protection of minor. *Minor,* Care and protection. *Practice, Civil,* Parties. *Evidence,* Child custody proceeding, Probation record.

A person entitled to notice of a care and protection proceeding under G. L. c. 119, § 24, commenced by the Department of Social Services, and who became a party to the litigation, was entitled to continue the proceeding notwithstanding the department's conclusion that a care and protection order was no longer needed. [25-26]

A Juvenile Court judge conducting a care and protection hearing improperly considered, after trial and on his own motion, information not in evidence in making findings in the matter; the case was therefore remanded for further consideration. [26-28]

PETITION filed in the Bristol Division of the Juvenile Court Department on November 29, 1984.

The case was heard by *Kenneth P. Nasif,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John T. Yunits, Jr.,* for the mother.

*John D. Casey* for the father.

WILKINS, J. In this care and protection proceeding (see G. L. c. 119, § 24 [1986 ed.]), the mother of the child (whom we shall call Benjamin) appeals from a May, 1986, Bristol County Juvenile Court judgment that awarded permanent physical and legal custody of Benjamin to the Department of Social Services (DSS).

---

[1] At trial, counsel appeared for Benjamin, his mother, his father, and the Department of Social Services. Before us briefs have been filed only by the mother and the father, who were divorced before this proceeding was commenced.

The mother argues that the judge should have dismissed the proceeding, brought by the DSS, when the DSS concluded that Benjamin was no longer at risk, that he should be returned to his mother, and that the care and protection proceeding should terminate. We conclude that the judge properly permitted Benjamin's father to continue the proceeding. Benjamin's mother also argues that after the hearing the judge improperly received and, in making his findings, relied on information about the man the mother was living with and whose alleged conduct toward Benjamin led to this care and protection proceeding. We agree that the judge improperly considered the posttrial information, and, although there was other evidence that would have warranted his findings, we cannot say with confidence that the judge would have reached the same conclusion without the posttrial information. For this reason, and because possibly significant events have occurred since the judge made his findings and rulings, we remand the case for further proceedings.[2]

1. We reject the argument that, if the DSS decides that a care and protection order that it initially sought is no longer needed, a judge must dismiss the proceeding even though some other party in the case asserts that the child is in need of care and protection and seeks to continue the proceeding. The object of a proceeding under G. L. c. 119, §§ 24-26, is to determine whether a child is in need of care and protection and, if so, to enter an appropriate order for the care and custody of the child. See *Custody of a Minor (No. 1)*, 385 Mass. 697, 704

---

[2] In December, 1986 (about six and one-half months after judgment was entered), on motion of the mother (G. L. c. 119, § 26 [1986 ed.]), the judge vacated that part of the judgment that directed that there be no contact between Benjamin and the man who had been living with the mother. The change was made to permit the DSS's service plan, which included "family counseling," to go into full effect. The father's brief reports that the mother now has physical custody of Benjamin pursuant to a modified order (but the DSS still has legal custody). He also advises us that the man with whom the wife had been living was convicted on a child abuse charge involving Benjamin and committed to a house of correction. The mother tells us that she and he were married after the care and protection trial and the completion of the criminal case.

(1982). The determination is for the judge to make, not for DSS or any other party to the case. *Id.* at 709.

Section 24 provides that "any person" may allege the need for care and protection on behalf of a child. Implicitly, that section authorizes a person who commences such a proceeding to prosecute it. A hospital (*Custody of a Minor [No. 1], supra*), and a school committee (*Care & Protection of Charles,* 399 Mass. 324 [1987]), have brought such proceedings. Without deciding whether a mere volunteer could properly maintain such a proceeding, we readily conclude that a child's father who was married to the child's mother at the time of the child's birth may do so. Under § 24 the father was entitled to notice of such a proceeding. He became a party and, when the DSS dropped out as a proponent of a care and protection order, he was entitled to continue the matter (rather than to have to begin a new proceeding on his own). The fact that the father disclaimed any interest in obtaining custody of Benjamin himself and the fact that his motives in pursuing the matter may not have been based on his concern for Benjamin, if true, would not be proper bases for denying a Juvenile Court judge the right to consider the case.

2. The judge erred when, after the trial, he sent for the probation record of the man with whom the mother was living and then relied on that record in part in concluding that, as long as the mother lived with the man, Benjamin was at risk of abuse and the mother would be an unfit parent.[3] In the course of trial, it became apparent that, if he were called as a witness, the man would exercise his privilege against self-incrimination. The judge stated in his findings that he resorted to other measures to develop information about the man in light of the mother's indication that she would continue to live with him. On his own motion, the judge then reviewed the man's probation record and made findings of fact concerning him.[4]

---

[3] On appeal she makes no argument that her unfitness cannot properly be based on the fact that she was living with a man who was a threat to Benjamin.

[4] The man had been adjudged delinquent by reason of manslaughter in 1973. He had been incarcerated for about four years in Florida for committing a felony. The judge noted numerous other charges (apparently not resulting

He found that the man had "shown violent actions in the past . . . and continues to do so until recently including the beating perpetrated against the child."

The mother argues that the judge's posttrial consideration of information not in evidence (and, she says, not admissible in evidence in any event) denied her due process of law. We simply conclude that the judge could not properly consider facts not in evidence in the case. See *Custody of Two Minors,* 19 Mass. App. Ct. 552, 556-557 (1985); G. L. c. 119, § 21 (1986 ed.) (" '[e]vidence,' shall be admissible according to the rules of the common law and the General Laws . . .").[5] The mother's statutory right to counsel (G. L. c. 119, § 29) would be seriously threatened if such a practice were tolerated. We need not decide whether any portion of the man's criminal record would have been admissible in this proceeding as tending to show the man's propensity to violence or his likely future conduct. The issue may no longer be important if, as represented to us (see n.2, above), the mother has married the man, and the judge has returned physical custody to her.

3. Our review of the evidence shows that the judge's findings would have been warranted by evidence other than the information found in the criminal record. As we have said, however, the judge's reliance on evidence improperly considered by him makes it impossible for this court to say with confidence that

---

in convictions) and the pending charge of beating the child who is the subject of this proceeding.

[5] "It is most important to the integrity of the process and for the protection of the rights of the parties that the rules of evidence be followed in all adjudicatory stages of care and protection proceedings, and in any other stages in which parental unfitness is at issue or in which evidence relating to parental unfitness is sought to be introduced. This observance will also further the goals of providing all parties with knowledge of what to expect and of achieving uniformity of procedure." Standard 5:02 ("Rules of Evidence"), Standards of Judicial Practice: Care and Protection Proceedings in the District Court Department (rev. June, 1988).

The Commentary also notes that the Legislature has authorized the admission of hearsay evidence, not otherwise admissible under traditional rules of evidence, only in specific instances. See G. L. c. 119, § 21 (report of the investigator or DSS agent); G. L. c. 119, § 29 (1986 ed.) (DSS service or case plan).

the result would have been the same if the judge had not considered that evidence. We remand the case for further consideration in light of this opinion and developments since the original hearing was held.

*So ordered.*