## CARE AND PROTECTION OF ISABELLE.

No. 92-P-410.

Bristol. September 21, 1992. - November 10, 1992.

Present: DREBEN, SMITH, & PORADA, JJ.

*Parent and Child*, Care and protection of minor. *Minor*, Care and protection. *Evidence*, Child custody proceeding, Findings in another proceeding.

In a proceeding by the Department of Social Services to establish the need for care and protection of a minor child, the judge appropriately considered the effects of the mother's relationship with the child's father, who had been convicted of sexual offenses upon another child of his from an earlier relationship. [549]

In a proceeding by the Department of Social Services to establish the need for care and protection of a minor child, the judge erred in admitting in evidence the findings of fact he had made based on the exhibits in an earlier, nonadversary care and protection proceeding with respect to the mother's three other children, in which the mother had stipulated that the three children were in need of care and protection. [549-551]

In a proceeding to establish the need for care and protection of a minor child, the Department of Social Services did not carry its burden of proving the mother's unfitness by clear and convincing evidence. [551-552]

PETITION filed in the Bristol Division of the Juvenile Court Department on May 7, 1991.

The case was heard by *Kenneth P. Nasif*, J.

*Charles G. Murphy* for the mother.

*Lyn A. Pickhover* for the minor.

*Virginia A. Peel* for Department of Social Services.

PORADA, J. On a petition for care and protection brought by the Department of Social Services (department), a judge of the Juvenile Court awarded permanent custody of the minor child to the department. On appeal, the mother claims the trial judge erred in determining the mother unfit based on the father's criminal record, in allowing in evidence the

findings of fact from an earlier uncontested care and protection proceeding involving the mother's three other children, and in failing to base his finding of parental unfitness on clear and convincing evidence. For the reasons stated, we vacate the judgment.

1. *Father's criminal record.* The mother argues that the judge improperly considered the father's criminal record in determining the fitness of the mother. We do not agree. The judge did not find the mother unfit because of the father's criminal record of raping and committing an indecent assault and battery upon his son from another relationship. Rather, he weighed whether the mother's relationship with the father and her belief that the father had not sexually abused his son would enable her adequately to protect her child from the risk of potential sexual abuse by the father, who had never successfully completed a sexual offender's treatment program. Compare *Adoption of Carlos,* 413 Mass. 339, 344 (1992) (mother's refusal to recognize her child as victim of sexual abuse by his stepfather); *Custody of Eleanor,* 32 Mass. App. Ct. 668, 669-670, further appellate review granted, 413 Mass. 1104 (1992) (mother's continued association with boyfriend after complaint by child that she had been sexually abused by him). Such an evaluation was appropriate and relevant in the judge's determination of the mother's fitness. See *Adoption of Carlos,* 413 Mass. at 351; *Custody of Eleanor,* 32 Mass. App. Ct. at 670, 671. See also *Petition of Catholic Charitable Bureau of the Archdiocese of Boston, Inc., to Dispense with Consent to Adoption,* 395 Mass. 180, 186 (1985) (in a proceeding to dispense with the mother's consent to the adoption of her child, the judge was warranted in considering the alcoholism and propensity for violence of the father where mother maintained relationship with the father).

2. *Findings of fact from prior care and protection proceeding.* On May 23, 1991, at a hearing on the merits of a separate petition filed by the department for the care and protection of the mother's three other children, the mother stipulated that the three children were in need of care and

protection and that the permanent legal and physical custody of the three children should be awarded to the department. Based solely on the exhibits presented, the judge at that hearing made detailed findings of fact, which he filed on September 26, 1991. On October 8, 1991, the same judge, while presiding over the hearing on the petition in this case, admitted those findings in evidence over the objection of the mother. He also made those findings part of the findings in the present action. The mother asserts that the judge erred in admitting the findings from the prior proceeding, because they were the product of a nonadversary proceeding.

We conclude the findings should not have been admitted. In care and protection proceedings, evidence is "admissible according to the rules of the common law and the General Laws . . . ." G. L. c. 119, § 21, as appearing.in St. 1972, c. 785, § 7. *Custody of Two Minors*, 19 Mass. App. Ct. 552, 556 (1985). Except where issue preclusion applies, see *Home Owners Fed. Sav. & Loan Assn.* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 455 (1968), or a statute provides for their admissibility, see G. L. c. 231, § 102C, findings in one proceeding may not be admitted in evidence in a different proceeding as proof of the facts found. Here, no statute provided for their admissibility. Likewise, the doctrine of issue preclusion was inapplicable. The prior proceeding involved other children and the issue was different: whether the mother was fit to care for the three children named in that petition, not whether she was fit to care for the one child named in this petition. Moreover, the findings were not the product of actual litigation; the mother had stipulated to a finding of unfitness in the prior proceeding but not to the findings which were entered some four months later and made without the hearing of any evidence in opposition. See, e.g., *Heacock* v. *Heacock*, 402 Mass. 21, 25 (1988); *Larson* v. *Larson*, 30 Mass. App. Ct. 418, 427 (1991).

The department argues, however, that the decision in *Adoption of Frederick*, 405 Mass. 1, 5-7 (1989), would permit the judge to admit the findings. In *Frederick*, the Su-

preme Judicial Court determined that findings from a litigated care and protection proceeding could be admitted in evidence at a trial on a petition to dispense with consent to adoption involving the same child to the extent that they are relevant and material, but that such findings would not be given preclusive effect. *Id.* at 12. We believe that the decision in *Frederick* was meant to reduce the unfairness of the binding effect of the findings in the prior proceeding under the doctrine of issue preclusion, but not to abandon the doctrine of issue preclusion as a basis for their admissibility. *Id.* at 5-6; see also *id.* at 13 (O'Connor, J., concurring). Unlike the circumstances in *Frederick*, where the proceedings involved the same child and the findings were the product of actual litigation, the findings in this case involved different children and were not the product of actual litigation. In these circumstances we deem their admission not only unfair but contrary to the rules of evidence. Since the judge relied upon all of the findings from the prior proceeding in making his decision in this case, we cannot conclude their admission was harmless error. *Care & Protection of Benjamin*, 403 Mass. 24, 27-28 (1988). Cf. *Adoption of Frederick*, 405 Mass. at 6-7.

3. *Sufficiency of the evidence.* The department has the burden of proving the mother's unfitness by clear and convincing evidence. *Custody of Two Minors*, 396 Mass. 610, 619 (1986). *Care & Protection of Stephen*, 401 Mass. 144, 150 (1987). The trial judge found that the mother was unfit. His ultimate conclusion was based principally upon his findings that the mother did not believe that the father raped his own son, did not appreciate the serious risk the father poses, and accordingly, will not adequately protect her child from the father and will inevitably reunite her daughter and herself with him.

We summarize the evidence. The care and protection petition was filed on May 7, 1991, after the mother, in spite of many department warnings, was observed on several occasions with her child in the company of the child's biological father, a convicted child rapist. The department believed that

the mother could not protect the child from her father. While the petition was pending, temporary legal custody of the child was awarded to the department and physical custody of the child was given to the mother on several conditions, including that she not reunite with the child's father or allow him access to the child. There was no evidence that the mother violated these conditions until an incident which occurred on July 28, 1991. On that date, the mother left the child with a baby sitter for the day and upon her return discovered that the father was visiting the child at the baby sitter's house. The mother immediately removed the child and the next day reported the incident to the department. The department responded by removing physical custody of the child from the mother. There was no evidence that the mother had any other contact with the father after the filing of the petition, nor was there any evidence that she had ever left the child alone with the father after she was informed he had sexually abused his son. There was also evidence that the relationship between the father and mother had terminated by the time of trial.

While we recognize the judge was not obliged to believe the mother's testimony or that of any other witness, *Care & Protection of Three Minors*, 392 Mass. 704, 711 (1984), we conclude that this evidence is insufficient to support the judge's critical findings that the mother will never adequately protect the child from the father and that if left alone with her child she will reunite with the father.

In conclusion, for the reasons noted, we vacate the judgment and remand the case for further proceedings in light of this opinion and any developments that may have occurred since the original hearing was held. *Care & Protection of Benjamin*, 403 Mass. at 27-28.

*So ordered.*