ADOPTION OF DARLA.[1]

No. 02-P-250.

Bristol. October 18, 2002. - November 21, 2002.

Present: KANTROWITZ, KASS, & MILLS, JJ.

*Adoption,* Dispensing with parent's consent. *Parent and Child,* Adoption, Dispensing with parent's consent to adoption. *Evidence,* Child custody proceeding.

A Juvenile Court judge did not err in admitting in evidence findings from a prior termination of parental rights decision (concerning three other children) in a subsequent termination of parental rights trial involving a newborn child of the same parents, where the parents had a compelling incentive to litigate at the prior termination proceeding, and the findings from that earlier termination decision were relevant and material. [520-522]
In a proceeding to dispense with parental consent to adoption, the judge's determination that the parents were currently unfit to further the welfare and best interests of their child was supported by clear and convincing evidence, and any claim that the judge was biased against the parents should have been raised earlier in the proceedings. [522]

PETITION filed in the Attleboro Division of the Juvenile Court Department on October 24, 2000.

The case was heard by *Kenneth P. Nasif,* J.

*Joseph J. Mazza* for the father.

*Catherine C. Sinnott* for the mother.

*Virginia A. Peel,* Special Assistant Attorney General, for Department of Social Services.

*David A.F. Lewis* for the child.

KANTROWITZ, J. In this appeal, the significant issue is whether a Juvenile Court judge erred in admitting in evidence findings from a prior termination of parental rights decision (concerning three other children) in a subsequent termination of parental rights trial involving a newborn child. In the circumstances of this case, we find no error.

[1] A pseudonym.

1. *Background.* The parents were members of a tightknit cult. The group came to the attention of the authorities when it was discovered that one child had likely died of starvation, while a second child, another child of the parents here, had died at birth. For a full discussion of the facts, see *In the Matter of a Care & Protection Summons*, 437 Mass. 224 (2002), and *Adoption of Fran*, 54 Mass. App. Ct. 455 (2002).

A judge of the Juvenile Court, the same judge who presided in the case currently before us, conducted a trial on the Department of Social Services' (DSS) petition to dispense with parental consent to the adoption of the parents' three other children. That trial concluded on August 16, 2000. The judge entered findings approximately one month later, on September 14, 2000, and ordered the termination of parental rights in regard to those children. That decision was affirmed on appeal. See *Adoption of Fran*, *supra* at 455. A subsequent child, Darla, was born on October 16, 2000, shortly after the trial of the prior case concluded.

DSS was granted emergency temporary custody of Darla on the day she was born. On October 24, 2000, DSS filed a care and protection petition pursuant to G. L. c. 119, § 24, which was later amended to a G. L. c. 210, § 3, petition to terminate parental rights. A trial was held on September 12, 2001. Once again, the trial judge found that DSS had proved by clear and convincing evidence that the parents were unfit and terminated their parental rights. During that second trial, he admitted in evidence findings from the prior case.[2]

In their appeal, the parents argue that (1) the evidence was insufficient to warrant termination of their parental rights; (2) the judge was biased against them; and (3) the judge improperly allowed in evidence impermissible profile testimony and findings from the earlier termination proceeding.

2. *The earlier findings.* Generally, recent findings from a

---

[2]Upon admitting those prior findings in evidence, the judge stated, "You understand [that] by my accepting them . . . I don't accept them in terms of the decision of this case . . . . Those were findings related to other children at another time . . . . They're probative in the diagnostic sense, maybe, but they are certainly not conclusive with respect to this case . . . . I'm not relying on them to make a decision in this case."

prior care and protection decision are admissible in a later care and protection or termination proceeding when such findings are relevant and material and made during a proceeding in which the parents had a compelling incentive to litigate. See *Adoption of Frederick*, 405 Mass. 1, 12 (1989); *Adoption of Paula*, 420 Mass. 716, 721-722 (1995). While it may be preferable that the prior care and protection decision survives the appellate process prior to the admission of those findings in a subsequent termination proceeding,[3] it is not mandated. See *ibid*. See also *Adoption of Simone*, 427 Mass. 34, 44 (1998) ("[T]he *Paula* decision did not preclude a judge entertaining a motion to dispense with biological parents' consent to adoption from taking into account earlier findings during a care and protection proceeding. . . . While expressing a preference for fresh findings in the second proceeding, we were clearly mindful that the earlier findings might, in appropriate cases, be relevant and reliable").

There is no reason not to apply the same reasoning to findings from a previous termination proceeding. When the same parents had a compelling incentive to litigate at the prior termination proceeding,[4] and the findings from that earlier termination decision are relevant and material and not stale, those findings, while not dispositive,[5] may be considered by the judge in a subsequent termination proceeding.

In the present case, the findings met the above criteria. Relatively little time had passed between the two trials. The parents had a compelling incentive to litigate, and did so, at the first proceeding. The findings were relevant and material. It serves little purpose to require the trial judge, who presided over the first trial, to hear from the same witnesses testifying to the same facts that were recently established. The use of such findings, however, is not preclusive, which the trial judge

---

[3]*Adoption of Fran* was not decided at the time of Darla's trial.

[4]Compare *Care and Protection of Isabelle*, 33 Mass. App. Ct. 548, 549-551 (1992) (error to admit prior care and protection findings concerning other children where the mother only stipulated to the finding of unfitness and the subsidiary findings were uncontested).

[5]Compare *Adoption of Tina*, 45 Mass. App. Ct. 727, 729-731 (1998) (error for the trial judge to preclude evidence that would have contradicted prior care and protection findings concerning other children).

expressly recognized (see note 2, *supra*). The parents were free to call witnesses, including those who testified in the first hearing. Compare *Adoption of Tina*, 45 Mass. App. Ct. 727, 729-731 (1998). There was no error.

3. *The remaining issues.* We have reviewed the other issues raised and may deal with them in summary fashion. The judge's findings and conclusions were more than sufficient to demonstrate the parents' unfitness. The parents' failure to visit Darla at any point in her young life, their involvement in the death of one child for whom they shared a parenting function, the circumstances surrounding the death of another biological child at birth, their failure to address the medical needs of the older children, and their inability to accept or understand the consequences of their actions all proved, by clear and convincing evidence, parental unfitness. See *Adoption of Peggy*, 436 Mass. 690, 701 (2002).

As to bias, "[a]ny concern of the parents of the judge's involvement in the earlier care and protection proceedings should have been raised at the outset. Their belated request suggests a tactical decision in the face of an adverse ruling." *In the Matter of a Care and Protection Summons*, 437 Mass. at 239. See *Goya Foods, Inc.* v. *Ulpiano Unanue-Casal*, 275 F.3d 124, 130 (1st Cir. 2002) ("It is well-settled that a judge who expresses preliminary views inside the court, based upon knowledge acquired in court proceedings, is not recusable. . . . What is more, the request was clearly forfeited; it was never made before the district court and appears, for the first time, in [the appellant's brief] filed nearly eight months after the show cause hearing was held" [citations omitted]).

The issue of profiling was decided in, and is controlled by, *Adoption of Fran*, 54 Mass. App. Ct. at 455.

*Decree affirmed.*