The father of Ruth and Adam appeals from an order of a judge of the Juvenile Court dismissing a care and protection petition at a pretrial hearing over his objection and without an evidentiary hearing. See G. L. c. 119, § 24. He claims that his statutory and due process rights were violated because he did not have a meaningful opportunity to be heard in opposition to the dismissal and in support of continued monitoring of Ruth and Adam by the Department of Children and Families (department). We affirm.
Background. The department initiated a care and protection petition (petition) pursuant to G. L. c. 119, § 24, on February 28, 2017, alleging that the children, of whom the mother had been awarded sole physical and legal custody by the Probate and Family Court, were in need of care and protection due to inadequate supervision, medical neglect, and unhygienic conditions in the home. The temporary custody hearing was waived by all parties, and a judge of the Juvenile Court granted temporary custody of the children to the department.
Following the removal of the children from the mother's custody, the mother complied with all recommendations of the department, and after one month, the children were returned to the mother's custody. The mother continued to engage with supportive and therapeutic services after the children returned to her care, and at a pretrial hearing on August 2, 2017, the department moved to dismiss the matter and return legal and physical custody to the mother. The father objected to the dismissal of the case on that date and argued for continued monitoring of the children by the department. A different judge appointed a guardian ad litem (GAL) to address the father's concerns. The father expressed his concern to the GAL that "everything will go back to the way it was if the [petition] is dismissed." After interviewing the parents, the children, and sixteen "collaterals," the GAL found that all protective concerns had been addressed, and recommended that the petition be dismissed.[3]
Following completion of the GAL report, the department renewed its motion to dismiss; by that time, the children had been reunited with the mother for approximately five months without current protective concerns. The father again objected to the dismissal of the case.
After a hearing, the judge who had granted temporary custody of the children to the department (hereafter referred to as judge) found that the objectives of the petition had been met: the children had been reunified with the mother, their legal and physical custodian, and were not alleged to be currently in need of care and protection. The judge dismissed the petition over the father's objection and stated that the father could raise his concerns at the next scheduled court date in the custody modification proceeding pending in the Probate and Family Court.
Discussion. The father contends that the judge should not have dismissed the case because he was entitled to a trial as a proponent of the petition. He claims this entitlement both under G. L. c. 119, § 24, and as a matter of due process. He further asserts that he should have been permitted to cross-examine the GAL to expose deficiencies in her report.[4]
"The object of a proceeding under G. L. c. 119, §§ 24 - 26, is to determine whether a child is in need of care and protection and, if so, to enter an appropriate order for the care and custody of the child." Care & Protection of Lillian, 445 Mass. 333, 342 (2005), quoting Care & Protection of Benjamin, 403 Mass. 24, 25 (1988). Under the statute, " 'any person' may allege the need for care and protection on behalf of a child." Care & Protection of Benjamin, supra at 26, quoting G. L. c. 119, § 24. See Custody of a Minor (No. 1), 377 Mass. 876, 881 (1979). Section 24 implicitly authorizes a party to a care and protection proceeding to continue the proceeding independent of the department. Care & Protection of Benjamin, supra at 26. Therefore, even after the department moved to dismiss, the father was "entitled to continue the matter" and press his concerns before the judge.[5] Id.
However, the father must articulate a concern regarding the mother's present unfitness. See Adoption of Ramona, 61 Mass. App. Ct. 260, 264 (2004) ("In addition to being child-specific, a determination of unfitness must be based on current evidence"). On appeal, the father argues that he was entitled to a trial, and to cross-examine the GAL, but offers no argument based on the unfitness of the mother at the time the motion to dismiss the petition was heard. Rather he contends, as he did to the GAL, that the mother's past inadequacies will reassert themselves if she is not under the supervision of the department. The department represented to the judge that it would keep its protective case open for a period of one year, thus addressing the father's concerns regarding the potential for deterioration in the future.
Although a pattern of past behavior may be evidence of present unfitness, the proponent of a care and protection proceeding must offer some showing of current parental deficiencies to which the past pattern relates. See ids="511495" index="4" url="https://cite.case.law/mass-app-ct/61/260/#p264">id. In the absence of any argument on appeal concerning present deficiencies in parenting by the mother, we must conclude that the judge did not err in dismissing the petition. Accordingly, we do not reach the father's contentions that he was denied due process, or that he should have been given an additional opportunity to subpoena and cross-examine the GAL.
Order dismissing care and protection petition affirmed.

The GAL, concurring with all the collaterals involved in the case, stated that the father loves his children and is motivated by what he believes to be their best interests.

At the hearing, the father proceeded pro se with standby counsel. Although the case had been scheduled for final disposition, he had not subpoenaed the GAL to the hearing.

We note that at the hearing on the motion to dismiss the petition, the judge repeatedly cut the father off when he attempted to explain the basis for his objection. To be sure, a pro se party who rejects the assistance and representation of appointed counsel will likely try the patience of any judge, but the pro se party must be permitted to make his or her offer of proof. Likewise, the judge's speculation regarding the father's motives for his ongoing pursuit of the petition were misplaced. See Care & Protection of Benjamin, 403 Mass. at 26 ("the fact that [the father's] motives in pursuing the matter may not have been based on his concern for [the children], if true, would not be [a] proper bas[i]s for denying a Juvenile Court judge the right to consider the case").