# DECISIONS

## OF THE

## APPEALS COURT

### OF

## MASSACHUSETTS

CITY OF CAMBRIDGE *vs.* EDWARD RONALD BALDASARO &
another.[1]

No. 98-P-1357.

Middlesex. April 6, 2000. - August 18, 2000.

Present: PORADA, GILLERMAN, & LENK, JJ.

*Civil Service,* Decision of Civil Service Commission, Judicial review. *Administrative Law,* Substantial evidence. *Public Employment,* Demotion.

The Civil Service Commission correctly concluded that an appointing authority was not justified in suspending and demoting a public employee for his off-duty verbal abuse of another on-duty public employee, where there was no violation of a work rule and where the conduct complained of was not reasonably related to the fitness of the employee to perform in his position. [3-5]

CIVIL ACTION commenced in the Superior Court Department on July 3, 1997.

[1]Civil Service Commission.

The case was heard by *Catherine A. White*, J., on a motion for judgment on the pleadings.

*Philip Collins* for the plaintiff.

*Paul M. Facklam, Jr.*, for Edward Ronald Baldasaro.

PORADA, J. The city of Cambridge (city) appeals from a judgment of the Superior Court affirming a decision of the Civil Service Commission (commission). The commission reversed the city's imposition of a sixty-day suspension and demotion of the defendant Baldasaro from his position as a heavy equipment operator to a laborer in the city's department of public works because of vulgar and disparaging remarks made by Baldasaro while off duty to a city meter maid when she ticketed his vehicle for a parking violation. We affirm the judgment.

We summarize the facts adopted by the commission, as found by the administrative magistrate to whom the commission had referred the case. Baldasaro was employed by the city as a heavy equipment operator. While off duty, he parked his jeep and trailer in a loading zone on a city street. A city meter maid, while checking the street for illegally parked vehicles, observed that Baldasaro's vehicle was illegally parked. She asked him to move his vehicle. Baldasaro asked for some consideration, no more than five minutes, while he finished what he was doing. The meter maid refused his request. When she did, Baldasaro screamed vulgar and abusive remarks at her. As a result of the tirade, the meter maid feared for her safety and was shaken by the episode. She reported the incident to her superior, who reported it to the city manager. The city manager imposed a five-day suspension upon Baldasaro for his off-duty conduct. After an evidentiary hearing, the city manager imposed a sixty-day suspension upon Baldasaro and demoted him from his position as a heavy equipment operator to a laborer on the grounds that his conduct contributed to the creation of a hostile work environment which interfered with the work of employees in the traffic department and reflected poorly on the city by undermining confidence in city operations by members of the public and fellow employees.

Baldasaro appealed the city's decision to the commission. The commission referred it to an administrative magistrate, who made the findings recited above and recommended that the commission uphold the city's decision on the ground that Baldasaro had acted in a hostile and inappropriate manner to someone whom he knew to be a fellow city employee while she

was attempting to perform her job. The commission adopted the magistrate's findings of fact but negated the city's sanctions against Baldasaro because, it concluded, there was no nexus between Baldasaro's off-duty conduct and his fitness to perform his work for the city as a heavy equipment operator. The city appealed the decision to the Superior Court. A Superior Court judge affirmed the commission's decision on the ground that there was no evidence that Baldasaro's inappropriate behavior toward the meter maid affected his ability to perform his work as a heavy equipment operator.

On appeal from this judgment, the city argues that the commission erred in basing its decision in part on a fact not found by the magistrate, namely, that "[m]eter maids are subjected to verbal abuse daily by the general public for which there is no such disciplinary recourse," and in concluding that the city was not justified in imposing a sixty-day suspension and demotion upon Baldasaro.

A decision of the commission that an action of the appointing authority is not justified must be upheld if legally tenable and supported by substantial evidence on the record as a whole. *Commissioner of Health & Hosps. of Boston* v. *Civil Serv. Commn.*, 23 Mass. App. Ct. 410, 411 (1987). Although we agree with the city that the commission's finding that meter maids are subjected to verbal abuse daily lacks record support, we think this finding is of no significance inasmuch as the commission's decision was based solely on the lack of a nexus between Baldasaro's conduct and his ability to perform his duties as a heavy equipment operator. Here, we are faced only with determining whether the commission's decision was legally tenable.

It is well established that a tenured employee may not be suspended or lowered in rank by an appointing authority except for just cause. G. L. c. 31, § 41. "Just cause" under § 41 requires a determination whether the employee's misconduct "adversely affects the public interest by impairing the efficiency of the public service." *Murray* v. *Second Dist. Ct. of E. Middlesex*, 389 Mass. 508, 514 (1983). The city contends that the commission's application of this standard was too narrow, for it ignored the effect of Baldasaro's behavior on the meter maid's working environment and performance of her job and the city's legitimate interests in establishing a working environment for all its employees free of intimidation, harassment, and fear; in

preventing one of its employees, even if off duty, from interfering with the work of other employees performing work for the city; and in regulating off-duty conduct which is so shocking that it reflects unfavorably on the city as the employer of that employee. The city points out that it introduced in evidence before the magistrate a variety of work rules that require city employees to refrain from sexual harassment or from engaging in threatening or abusive language toward any employee.[2] However, the city overlooks the fact that neither the city nor the magistrate cited a violation of a work rule as justification for the suspension and demotion of Baldasaro. Rather, both the city's disciplinary action and the magistrate's decision upholding it focused primarily on the fact that Baldasaro's conduct created a hostile work environment for a fellow city employee which interfered with the ability of that employee to perform her job effectively.

The city also fails to take into account the proviso in G. L. c. 31, § 43, as appearing in St. 1981, c. 767, § 20, which states that, if an employee establishes that the appointing authority's action was based "upon any factor or conduct on the part of the employee not reasonably related to the fitness of the employee to perform in his position, said action shall not be sustained . . . ." See *School Comm. of Brockton* v. *Civil Serv. Commn.*, 43 Mass. App. Ct. 486, 491 (1997). The commission was, thus, required by this statute to focus on what effect Baldasaro's reprehensible conduct had on his continuing fitness to perform his job as a heavy equipment operator. *Ibid.* One of the factors the commission could consider is that the conduct occurred while Baldasaro was off duty, although that would not preclude the imposition of a disciplinary sanction if a sufficient nexus existed between the conduct and the employee's fitness to perform his job. See *McIsaac* v. *Civil Serv. Commn.*, 38 Mass. App. Ct. 473, 476 (1995); *Police Commr. of Boston* v. *Civil Serv. Commn.*, 39 Mass. App. Ct. 594, 601-602 (1996). Here, in the circumstances presented, the commission was apparently satisfied that the employee had sustained his burden of showing that there was no significant correlation between his conduct and his continuing fitness to perform his job as a heavy equipment operator. As the Superior Court judge properly determined, in the absence of any evidence or finding by the magistrate that

---

[2]Baldasaro challenges the applicability of those rules to him, and the magistrate made no findings relating to them.

Baldasaro's inappropriate conduct affected his continuing fitness to perform his job as a heavy equipment operator, the commission was justified in setting aside the sixty-day suspension and demotion.

*Judgment affirmed.*