## Barbara F. Green *vs.* Town of Brookline.

No. 99-P-1636.

Suffolk. April 17, 2001. - October 30, 2001.

Present: Jacobs, Cypher, & Grasso, JJ.

*Workers' Compensation Act,* Decision of Industrial Accident Reviewing Board. *Civil Service,* Decision of Civil Service Commission. *Administrative Law,* Failure to raise issue before agency, Preclusive effect of decision. *Collateral Estoppel.*

Statement of circumstances in which the doctrine of issue preclusion may be used defensively. [123-124]

At a hearing before an administrative judge of the Department of Industrial Accidents in which workers' compensation benefits for emotional distress were sought by a town's former employee, the judge erred as a matter of law by failing to give preclusive effect to the finding of a hearing officer for the Civil Service Commission in a prior proceeding that the town had just cause to discipline and then terminate the employee, where the issue of the town's bona fides with respect to these personnel actions was identical in both proceedings [124-126], and where this issue was essential to the earlier judgment [126-127].

This court concluded that a decision of an administrative judge of the Department of Industrial Accidents, awarding workers' compensation benefits for emotional distress to a town's former employee, properly considered the deposition testimony and report of the employee's impartial medical expert, and that, on remand, unless the town demonstrated that the findings of the administrative judge were not supported by the evidence or there was other error of law, the court would defer to the finding of the administrative judge. [128]

A party's challenge to an award of interest by an administrative judge of the Department of Industrial Accidents that could have been raised, but was not raised, before the administrative agency, was waived on appeal. [128]

This court noted that, although G. L. c. 152, § 13A(5), and 452 Code Mass. Regs. § 1.02 refer to the award of necessary expenses and costs in the context of representation by an attorney, to refuse to award necessary expenses and costs because a workers' compensation claimant was not represented would conflict with the rule that additional burdens may not be imposed by a State on a class of litigants in an arbitrary or capricious manner. [128-129]

Appeal from a decision of the Industrial Accident Reviewing Board.

*Kevin M. Truland* for the defendant.

*Robert M. Peyser* for the plaintiff.

CYPHER, J. The town of Brookline (town) appeals from a decision of the reviewing board (board) of the Department of Industrial Accidents (DIA) awarding worker's compensation benefits for emotional distress to the town's former employee, Barbara F. Green. The central issue is whether the administrative judge for the DIA erred by failing to give preclusive effect to issues decided by a hearing officer for the Civil Service Commission (commission) in an earlier proceeding in which Green had appealed her discharge.[1]

We agree with the town that the administrative judge erred as matter of law in failing to give preclusive effect to the issues litigated before the commission. Errors of law prevent our deferral to the reviewing board; therefore we must vacate the decision of the DIA, and remand the matter to the DIA for further proceedings consistent with this opinion. See G. L. c. 152, § 12(2); G. L. c. 30A, § 14; *Van Munching Co.* v. *Alcoholic Bevs. Control Commn.*, 41 Mass. App. Ct. 308, 309-310 (1996); *Patterson* v. *Liberty Mut. Ins. Co.*, 48 Mass. App. Ct. 586, 587 n.5 (2000).

*Background.* In 1978, the town hired Green as a clerk-typist in the Department of Veterans' Affairs. She worked without incident and with favorable employment reviews until the director of the department, who was also her supervisor, retired in January, 1984. From 1984 until her termination in 1987, Green's employment was marked by a series of problems and disciplinary actions.[2]

Green appealed her discharge to the commission pursuant to

---

[1]The commission determined that the town had just cause to order Green to keep a log of her work, transfer her, reprimand her, suspend her, and, finally, discharge her. In addition to considering these personnel actions, the administrative judge for the DIA also considered two personnel actions which were not the subject of the commission's findings: surrounding Green's desk with filing cabinets and placing a sign near her desk stating that she should not be disturbed. The administrative judge determined that *none* of the personnel actions were bona fide, but rather, constituted onerous work conditions and extraordinary harassment.

[2]The administrative judge for the DIA found that, in April, 1984, Alfred Hallenbrook assumed the position of director. In May, 1985, Green reported Hallenbrook to the town administrator for alleged financial irregularities and

G. L. c. 31, § 43. A hearing officer ruled that the town had demonstrated just cause to discipline Green and then terminate her employment. The commission adopted the findings of fact in the hearing officer's report and affirmed the town's action. On November 23, 1988, after procedural meanderings not relevant here, Green filed a claim for benefits under the workers' compensation statute (G. L. c. 152, §§ 1 et seq.), alleging work-related emotional and mental disability caused by the intentional infliction of emotional distress.[3] The town denied the claim. After a conference, an administrative judge also denied her claim. Green appealed the decision, and a de novo hearing was conducted by a different administrative judge because the first administrative judge was no longer at the DIA. The administrative judge declined to give preclusive effect to any issues decided by the commission and, in a decision and order filed on April 8, 1996, ruled that "the employee developed a mental disability as a result of a series of events at work . . .

---

for allegedly engaging in political activities at work. After her complaint, information she needed to carry out her duties was entered into a computer to which she was denied access. She was also denied training on the computer. On July 31, 1985, Hallenbrook reprimanded Green and warned her that her absences from the office of two hours per day would not be tolerated. As a result of a meeting on August 8, 1985, attended by Green, Hallenbrook, the union steward, and the town's personnel director, Green was directed to maintain a daily log of her work for one week and produce the log at the next meeting, to be held on August 15. On August 15, 1985, the second meeting was held but Green did not attend and did not produce the log. Green indicated that she did not intend to produce a log in the future. On August 19, 1985, Green entered Hallenbrook's office, asserted that she ran the office and that there was a conspiracy against her. Hallenbrook told her several times to return to her desk. When she did so, she cried at her desk for 90 minutes. Green's difficulties at work continued until her termination by a third supervisor, after Hallenbrook's resignation in 1987.

[3]General Laws c. 152, § 1 (7A), as amended in 1985, states: "Personal injuries shall include mental or emotional disabilities only where a significant contributing cause of such disability i[s] an event or series of events occurring within the employment. No mental or emotional disability arising principally out of a bona fide, personnel action including a transfer, promotion, demotion, or termination except such action which is the intentional infliction of emotional harm shall be deemed to be a personal injury within the meaning of this chapter." In 1991, the workers' compensation statute was amended to allow compensation for a mental or emotional injury only where the actions at work are a "predominant contributing cause."

that were not the result of any bona fide personnel decision."[4] The administrative judge found that Green had been temporarily totally disabled from the date of her discharge, January 27, 1987, through December 16, 1991, determined that she was eligible to receive benefits under the Act, and awarded her interest and expenses. The DIA reviewing board affirmed the administrative judge's decision in favor of Green.

1. *Issue preclusion (collateral estoppel).*[5] In the proceeding before the DIA, the town sought to preclude relitigation of whether the town and its officials acted with good faith in disciplining and discharging Green. Issue preclusion may be used defensively if (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication; (3) the issue in the prior adjudication is identical to the issue in the current adjudication; and (4) the issue decided in the prior adjudication was essential to the earlier judgment. See *Martin* v. *Ring*, 401 Mass. 59, 60-61 (1987); *Commissioner of the Dept. of Employment & Training* v. *Dugan*, 428 Mass. 138, 142 (1998). The rule of issue preclusion may be applied when the second action is brought on a different claim. See *Martin, supra* at 61; Restatement (Second) of Judgments § 27 comment b (1982). If the conditions for preclusion are otherwise met, "[a] final order of an administrative agency in an adjudica-

---

[4]As to the applicable law, the administrative judge stated that, "[b]ecause the injury in this case occurred over time both before and after January 1, 1986, but before December 23, 1991, the events at work must be either a 'contributing' (if before January 1, 1986) or a 'significant' (if before December 23, 1991) cause of the employee's disability. . . . I conclude that whenever they occurred, the events at work were a significant cause of the employee's disability." The judge did not consider whether events at work that occurred before the applicable date of the 1985 amendment should be considered under the standard articulated in *Kelly's Case*, 394 Mass. 684 (1985) (incapacity from mental or emotional disorder could be compensable personal injury if it arose out of and in the course of employment). Cf. *Robinson's Case*, 416 Mass. 454, 458-459 (1993).

[5]"Res judicata is the generic term for various doctrines by which a judgment in one action has a binding effect in another . . . . It comprises 'claim preclusion' (traditionally known as 'merger' or 'bar,' and also referred to as true res judicata) and 'issue preclusion' (traditionally known as 'collateral estoppel')." *Salem* v. *Massachusetts Commn. Against Discrimination*, 44 Mass. App. Ct. 627, 637 (1998) (internal citations and quotations omitted).

tory proceeding . . . precludes relitigation of the same issues between the same parties, just as would a final judgment of a court of competent jurisdiction." *Tuper* v. *North Adams Ambulance Serv., Inc.,* 428 Mass. 132, 135 (1998), quoting from *Stowe* v. *Bologna,* 415 Mass. 20, 22 (1993). See *Lopes* v. *Board of Appeals of Fairhaven,* 27 Mass. App. Ct. 754, 755-756 (1989). See also Restatement (Second) of Judgments § 83.

There is no question that there was a final order on the merits by the civil service commission and that the parties in both actions are identical. Thus, we must consider whether the issue litigated before the civil service commission was identical to the issue litigated before the DIA, and if so, whether it was essential to the earlier order.

a. *Identity of the issues.* The primary issue before the civil service commission was whether the town had "just cause" to discipline and then to discharge Green. See G. L. c. 31, § 43.[6] The primary issue before the DIA was whether events at work were a significant contributing cause of Green's emotional or mental disabilities and whether those injuries were caused by personnel actions that were not bona fide; or if the injuries were caused by bona fide personnel actions, whether those actions were intended to inflict emotional distress. See G. L. c. 152, § 1(7A); *Catalano* v. *First Essex Sav. Bank,* 37 Mass. App. Ct. 377, 380-381 (1994).

As a preliminary matter, we agree with Green that the DIA's ruling on her disability was not based solely on her discharge, that the commission did not determine whether the personnel actions caused Green's emotional or mental disability (as it was charged with adjudicating only the lawfulness of the discharge), and that the DIA has exclusive jurisdiction over claims for benefits under the workers' compensation statute. We do not, however, conclude from these determinations that the commission's decision had no preclusive effect on the DIA's decision.

The rule of issue preclusion bars relitigation whether the

---

[6] A finding of just cause under G. L. c. 31, § 41, "requires a determination whether the employee's misconduct 'adversely affects the public interest by impairing the efficiency of the public service.' " *Cambridge* v. *Baldasaro,* 50 Mass. App. Ct. 1, 3 (2000), quoting from *Murray* v. *Second Dist. Ct. of E. Middlesex,* 389 Mass. 508, 514 (1983).

town had just cause to undertake the personnel actions that were the subject of the commission's findings, despite the fact that the second action is based on a claim under the Workers' Compensation Act. See *Martin, supra* at 61; Restatement (Second) of Judgments § 27 comment b.

In the first proceeding, the hearing officer for the commission made subsidiary findings in support of her recommended decision that the town had just cause to discharge Green.[7] Specifically, the hearing officer found that the town acted with just cause when it suspended Green, reprimanded her, ordered her to maintain a daily log of her work, transferred her to another work space, and ultimately discharged her. The burden of proof before the commission is on the employee to demonstrate that the appointing authority exercised bad faith in its personnel decisions, see *Commissioner of Health & Hosps. of Boston* v. *Civil Serv. Commn.*, 23 Mass. App. Ct. 410, 413 (1987), and, thus, a finding of just cause implicitly connotes the absence of bad faith. See *G & M Employment Serv., Inc.* v. *Commonwealth*, 358 Mass. 430, 435 (1970), appeal dismissed sub nom. *G & M Employment Serv., Inc.* v. *Department of Labor & Indus.*, 402 U.S. 968 (1971) ("Discharge for a *'just cause'* is to be contrasted with discharge on unreasonable grounds or arbitrarily, capriciously, or in *bad faith*" [emphasis supplied]); *Azzi* v. *Western Elec. Co.*, 19 Mass. App. Ct. 406, 410 (1985) (employee, subject to collective bargaining agreement that authorizes discharge only for "just cause," has a remedy against employer who discharges employee as a result of "bad faith," because such a discharge would not be for "just cause"). By finding just cause, the hearing officer necessarily concluded the absence of bad faith on the part of the town with respect to the litigated personnel actions. See *G & M Employment Serv., Inc.*, 358 Mass. at 435.

The administrative judge on Green's worker's compensation claim made subsidiary findings with respect to many of the same personnel actions, labeling them "onerous work condi-

---

[7]Hearing officers in the Civil Service Commission are required to generate subsidiary findings of fact in support of their recommendations to the commission. See G. L. c. 31, § 2. See also *Mayor of Revere* v. *Civil Serv. Commn.*, 31 Mass. App. Ct. 315, 323 (1991).

tions," and recharacterizing the course of the town's conduct as a series of actions that were not undertaken in good faith, despite the commission's implicit ruling that the actions were undertaken *without* bad faith. The administrative judge concluded from the subsidiary findings that these personnel actions caused Green's injuries.[8,9] The bona fides of certain of the town's personnel actions had already been addressed by subsidiary findings in the hearing officer's decision; and in each instance the hearing officer concluded that there was just cause for the town's conduct. Green was, therefore, precluded from relitigating any issues relating to the bona fides of these personnel actions at a second adjudication.[10] See *Dugan*, 428 Mass. at 143. Contrast *Tuper* v. *North Adams Ambulance Serv., Inc.*, 428 Mass. at 135-136.

b. *Necessity of contested issue to ruling in first adjudication.* Massachusetts courts have "expand[ed] the applicability of [collateral estoppel] to encompass certain findings not strictly essential to the final judgment in the prior action . . . if it is clear that the issues underlying them were *treated as essential* to the prior case by the court and the party to be bound. Stated another way, it is necessary that such findings be the product of

[8]Although some of the language used by the administrative judge suggests that she would have concluded that the personnel actions taken by the town were done with the intention of inflicting emotional distress, other language in the decision indicates that the administrative judge did not reach the issue. Accordingly, we cannot determine whether the bona fide personnel actions were taken with the intent to inflict emotional distress.

[9]Green argues that, because the commission did not consider the cause of her mental or emotional distress and did not review medical evidence, the DIA was not precluded from addressing this issue. This point is correct as far it goes. Issue preclusion did not prevent the DIA from determining whether the personnel actions caused Green's injury; however, the DIA was constrained to accept the commission's findings that the personnel actions litigated before it were bona fide and was bound to apply the correct law in determining whether Green had a compensable claim.

[10]Green asserts that the town is arguing "that the finding of bona fides by itself takes away Green's opportunity to prove in the Department of Industrial Accidents that she qualifies for worker's compensation benefits." However, under G. L. c. 152, § 1 (7A), a finding of bona fides does not preclude an opportunity to claim benefits, but rather requires the claimant to demonstrate an intent to cause emotional distress. This illustrates the distinction between the doctrine of issue preclusion and the related (but distinct) doctrine of claim preclusion.

full litigation and careful decision." *Dugan, supra* at 144 (emphasis and alteration in original), quoting from *Home Owners Fed. Sav. & Loan Assn.* v. *Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 455 (1968).

As required, the hearing officer made extensive findings of fact on the underlying issue whether the town exercised just cause in its personnel actions leading up to, and including, Green's discharge. The hearing officer's decision was dependent on these findings. Cf. *Mayor of Revere* v. *Civil Serv. Commn.*, 31 Mass. App. Ct. 315, 323 (1991). The commission's findings that the town acted with just cause with respect to the personnel actions litigated before it were the "product of full litigation and careful decision." See *Dugan, supra* at 144. Therefore, the essential, implicit issue whether the town exercised bad faith was, similarly, essential to the commission's decision. See *ibid.* Compare Restatement (Second) of Judgments § 27 comments h & j.

We conclude that the issue of the town's bona fides with respect to personnel actions addressed in the prior adjudication is identical to the issue in the current adjudication, and the issue was essential to the earlier order; accordingly, all the elements for applying collateral estoppel are met. See *Dugan, supra.* Thus, the DIA reviewing board and administrative judge erred as matter of law in failing to give preclusive effect to the findings from the commission. See *ibid.*

We cannot determine from the administrative judge's decision whether, if the bona fide personnel actions are removed from consideration, she would have concluded that the personnel actions not litigated before the commission were compensable under the workers' compensation statute, or whether, if she were required to accept the commission's findings that the personnel actions were bona fide, that they were undertaken with the intent to inflict emotional distress. Nor can we determine from the administrative judge's decision or the independent medical examiner's report whether the personnel actions taken before the 1985 amendment to the worker's

compensation act were sufficient to cause Green's mental or emotional disability.[11]

2. *Remaining issues.* We address issues which might arise again on remand.

a. *Medical evidence.* The town makes several challenges to the administrative judge's reliance on the impartial medical expert, with regard to causation and length of disability. As to causation, the town asserts the history provided by the employee to the independent medical expert was inaccurate and incomplete. As to length of disability, the town argues the decision of the administrative judge is not supported by the opinions of the medical expert. In light of our decision to remand this case for further proceedings, it is not necessary to reach the town's arguments in this regard. We note, however, that the decision of the administrative judge establishes that she considered the deposition testimony of the independent expert as well as his report. The administrative judge also considered the deposition testimony and report of the town's expert. Unless the town demonstrates that the findings of the administrative judge were not supported by the evidence or there is other error of law, in any future proceeding we will defer to the finding of the administrative judge.

b. *Award of interest against the town.* The town challenges the award of interest for the first time on appeal. "Objections, issues, or claims — however meritorious — that have not been raised" below are waived on appeal. *Wynn & Wynn, P.C.* v. *Massachusetts Commn. Against Discrimination,* 431 Mass. 655, 674 (2000). This rule applies to arguments that could have been raised, but were not raised, before an administrative agency. See *Albert* v. *Municipal Court of City of Boston,* 388 Mass. 491, 493-494 (1983).

c. *Award of expenses to Green's lay representative.* The town argues that the administrative judge erred in awarding necessary expenses to Green because she was represented by her husband, a lay person. In light of the result we reach, the issue need not

---

[11]We decline to determine whether the standard in effect before the 1985 amendment should be applied as the issue was not raised below and has not been briefed or argued by the parties. See *1001 Plays, Inc.* v. *Mayor of Boston,* 387 Mass. 879, 884 (1983).

be addressed. We note, however, that although G. L. c. 152, § 13A(5), and 452 Code Mass. Regs. § 1.02[12] refer to the award of necessary expenses and costs in the context of representation by an attorney, to refuse to award necessary expenses and costs because a claimant was not represented would conflict with the rule that "[a] State may not impose additional burdens on a class of litigants in an arbitrary or capricious manner." See *Murphy* v. *Commissioner of Dept. of Indus. Accidents*, 415 Mass. 218, 227 (1993); *Neff* v. *Commissioner of Dept. of Indus. Accidents*, 421 Mass. 70, 76 (1995).

d. *Bias in favor of Green.* The town also alleges that the administrative judge was overly solicitous toward Green during the course of the proceedings, that she made several arbitrary evidentiary rulings, and that she erred with respect to her findings on the dates of Green's injury. However, these claims of error are cursory, unsubstantiated, or both, and do not rise to the level of acceptable appellate argument. See Mass.R.A.P. 16(a)(4), 367 Mass. 921 (1975); *Cameron* v. *Carelli*, 39 Mass. App. Ct. 81, 85-86 (1995); *Pielech* v. *Massasoit Greyhound, Inc.*, 423 Mass. 534, 542 (1996), cert. denied, 520 U.S. 1131 (1997).

*Conclusion.* It is impossible for this court to say with confidence that the result would have been the same if the administrative judge had given the hearing officer's ruling preclusive effect. See *Care and Protection of Benjamin*, 403 Mass. 24, 27-28 (1988). We vacate the DIA's decision and remand this matter to the DIA for further consideration in light

---

[12]Title 452 Code Mass. Regs. § 1.02 specifies the kinds of necessary expenses for which such an award may be made. "Necessary expenses as used in [G. L. § 152, § 13A], shall mean all reasonable out-of-pocket costs, as the Department may set, to a claimant's attorney incurred by said attorney in prosecuting a claim for benefits or contesting a complaint filed by the insurer, including the cost of obtaining relevant medical records, doctor's reports, private investigator fees, constable charges, expert witness charges, interpreter fees and scientific testing costs, but specifically excluding telephone expenses, parking fees, postage, stationary, photocopies, meals, automobile expenses, and ordinary legal office overhead. Filing fees and impartial physician deposition costs required by [G. L. c. 152 § 11A], which are paid by claimant's counsel, shall not be submitted as necessary expenses but shall be reimbursable directly from the insurer against whom the claimant prevails at hearing."

of this opinion. See G. L. c. 30A, § 14(7)(*c*); *Canavan's Case*, 364 Mass. 762, 764 (1974).

*So ordered.*