Fremont-Smith, Thayer, J.
In its motion for summary judgment (docket #68) defendant contends that the April 15, 2003 “Findings of Fact, Rulings of Law and Order for Judgment” of the Boston Housing Court (wherein that Court, after trial, found that Heidi Erickson was not disabled) precludes relitigating that issue in this action.[1] If plaintiff cannot prevail on that issue in this Court, it cannot succeed in this case, which requires proof that defendant is liable for violating c. 15IB because it has failed reasonably to accommodate Erickson’s alleged disability by extending the time for her use of a Section 8 housing voucher.[2]
This Court agrees. As stated in Green v. Town of Brookline, 53 Mass.App.Ct. 120, 123 (2001), “Issue preclusion may be used defensively if (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication; (3) the issue in the prior adjudication is identical to the issue in the current adjudication; and (4) the issue decided in the prior adjudication was essential to the earlier judgment. See Martin v. Ring, 401 Mass. 59, 60-61 (1987); Commissioner of the Dept. of Employment & Training v. Dugan, 428 Mass. 138, 142(1998).”
Although plaintiff contends in its opposition that issue preclusion cannot be used defensively unless there is complete identity of the parties, complete mutuality of parties is not required. Miles v. Aetna Casualty & Surety Co., 412 Mass. 424, 427 (1992), cited with approval in Pierce v. Morrison, Mahoney, LLP, 452 Mass. 718, 730-31 (2008).
On the further question of whether Erickson and the plaintiff are “in privity,” in Nat’l Labor Relations Board v. Donna-Lee Sportswear Co., Inc., 836 F.2d 31, 34-35 (1st Cir. 1987), the Court said:
*150 The traditional exception to the rule that issue preclusion affects only the parties to the initial litigation has been the understanding that the privies of those parties are also bound. See Southern Pacific Railroad v. United States, 168 U.S. 1, 48-49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897); Griffin v. Burns, 570 F.2d 1065, 1070-72 (1st Cir. 1978). Numerous courts have recognized that while “privity is an elusive concept,” see Griffin, 570 F.2d at 1071, the privity which can lead to issue preclusion is that relationship between two parties which is sufficiently close so as to bind them both to an initial determination, at which only one of them was present. First Alabama Bank v. Parsons Steel Inc., 747 F.2d 1367, 1378 (11th Cir. 1984) (a finding of privily is no more than a finding that all of the facts and circumstances justify a conclusion that non-pariy preclusion is proper), rev’d on other grounds, 474 U.S. 518.
Here, the fact that the Commonwealth brought suit “on behalf of itself and Heidi Erickson” rather than only on its own behalf, is indicative that the Commonwealth’s interest in proving her disability is identical to Erickson’s. See: Donna-Lee, supra, at 34-35. Moreover, the language of c. 151B, §5 itself appears to indicate that “on behalf of the complainant” means the parties are in privity. It states:
If any complainant or respondent elects judicial determination . . . the attorney general shall commence and maintain, a civil action on behalf of the complainant... If the court . . . finds that a discriminatory housing practice has occurred or is about to occur, the court may grant any relief which a court could grant with respect to such discriminatory housing practice in a civil action under section nine. Any relief so granted that would accrue to an aggrieved person . . . under said section nine shall also accrue to that aggrieved person . . . under this section.
See also Commonwealth v. Dowd, 37 Mass.App.Ct. 164, 169 (1994), where the Court, in declining to award attorney fees to the Commonwealth, found: “[c]ategorization of an ‘aggrieved person’ as a private party ... is consistent with the customary use of the phrase in Massachusetts statutes. Within G.L.c. 15 IB, §5 itself, the phrase ‘aggrieved person’ appears to be used interchangeably with the word ‘complainant.’ ”
The Court finds that here, with respect to the controlling issue as to her disability, the plaintiff and Erickson are in privity because there is an identify of interest between them. Cf. Stonehill College v. Massachusetts Comm'n Against Discrimination, 441 Mass. 549, 562-63 (2004), where findings of the MCAD were held not to be preclusive because the primary purpose of a MCAD administrative proceeding, as opposed to a judicial proceeding, is to vindicate the public interest by deterring discrimination, rather than to vindicate an individual claimant’s interests, as is the case in a judicial proceeding. Here, as in Donna-Lee, “the relationship and legal interest [of Erickson and the plaintiff] are that closely identified that it would be incongruous not to bind them both by the earlier adjudication.” 836 F.2d at 35.
Plaintiffs further contend that the final sentence of Judge Brassard’s order dated May 16, 2005 denying defendant’s motion to dismiss constitutes the “law of the case” to the effect that there is “no identify of intents between the complainant and the attorney general.”[3] That order resulted from defendant’s motion to dismiss based on Judge Woodlock’s dismissal, in the Federal District Court, of Erickson’s complaint alleging discrimination against her landlord in the case of Hendrick Erickson v. David Somers (D.Mass.). The federal court, however, dismissed her action on the basis of legal, rather than factual, deficiencies and declined to exercise jurisdiction with respect to the housing discrimination claim under the state law. There was therefore no “final judgment on the merits in the prior adjudication,” Green, supra, which could have preclusive effect. The final sentence of Judge Brassard’s order set forth on footnote 3 below was therefore not essential to his denial of the motion to dismiss so should be regarded as dicta. In any event, a court is not bound by the “law of the case,” particularly by dicta, where the question of privity between Erickson and the Attorney General has now become the pivotal issue in the present motion. Moreover, as stated in In re Art Technology Group, Inc. Securities Litigation, 394 F.Sup.2d 215, 319 [D.Mass. 2005]: “[¡Interlocutory orders, including denials of motions to dismiss, remain open to trial court considerations, and do not constitute the law of the case," citing In re Cabletron Systems, Inc., 311 F.3d 11, 21-22 n.2 (1st Cir. 2002) (quoting Perez-Ruiz v. Crespo-Guillen, 25 F.3d. 40, 42 (1st Cir. 1994)).
Apart from the preclusion on the issue of Erickson’s disability, there is scant if any evidence that she was disabled. I have also carefully reviewed the voluminous Social Security file offered as exhibit 51 at the hearing as bearing on Erickson’s alleged disability. Even if any of it could be found to be admissible as evidence and could be considered to be evidence of her disability,[4] it relates to a true time period which is subsequent to the alleged discrimination by defendant. Dr. Frazer’s numerous reports and affidavits, moreover, mostly relate to Erickson’s need for cats in her apartment as “animal therapy.” It may also be noted that Frazer testified for Erickson at the 2003 Housing Court Trial following which she was found not to be disabled.
ORDER
After hearing, for the above reasons and the other reasons stated in defendant’s memorandum in support of its motion and defendant’s reply brief in support of its motion, defendant’s motion for summary *151 judgment is ALLOWED, and plaintiffs action is dismissed: Final judgment shall be entered for the defendant Cambridge Housing Authority.

In The Boston Housing Court’s Findings of Fact, Rulings of Law and Order for Judgment dated 4/10/03 in the eviction case of LeBlanc v. Erickson, CA No 02-052749, wherein Erickson claimed as an affirmative defense that she was entitled to a reasonable accommodation because of her disability, the Housing Court found, after a full trial, that there was “no evidence to support the defendant’s contention that she currently has a physical or mental impairment which substantially limits one or more of such person’s major life activities . . . Therefore, the defendant is not a handicapped person within the meaning of the federal or state discrimination statutes.” (Findings of Fact, Ruling of Laws and Order of Judgment, p. 12.)

At the hearing on this motion, counsel for the Commonwealth and for Heidi Erickson agreed that the only remaining issue in this case is whether the defendant discriminated in 2004 by failing to engage in an “interactive process” with Erickson in connection with her demand for a reasonable accommodation. It was also agreed that even if this case were dismissed, Erickson can continue to use her voucher for so long as she continues to reside at her present residence and continues to meet the other voucher requirements which are unrelated to her alleged disability.

Judge Brassard ruled: “After careful review of the parties’ submissions and a hearing, the defendant’s Motion to Dismiss is DENIED. The G.L.c. 151B (housing discrimination) claim was not adjudicated by the federal court. Erickson v. Somers, No. 04-10629 (D.Mass. May 2004) (Woodlock, J.). At a minimum, the court clearly would have declined to exercise jurisdiction. Id. at 3 n.2 and 18. See Anderson v. Phoenix Inv. Counsel of Boston, Inc., 387 Mass. 444, 450-52 (1982); Mancuso v. Kinchla, 60 Mass.App.Ct. 558, 564-67 (2004). Further, there is not an identity of interests between the complainant and the Attorney General. See G.L.c. 15IB, §5 and §9. See also Stonehill Coll v. Massachusetts Comm’n Against Discrimination, 441 Mass. 549, 562-63 (2004).”

“Statements of opinions, judgmental observations, and the results of investigations do not come within the common-law exception” for official records. Handbook of Massachusetts Evidence (7th Ed) 8.13.1, p. 542.