NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-31

MICHELLE DONOVAN BOUZAN

vs.

DIRECTOR OF THE DEPARTMENT OF UNEMPLOYMENT ASSISTANCE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Boston Municipal Court judgment upholding a decision of the board of review of the Department of Unemployment Assistance (board) denying her unemployment benefits on the ground that she voluntarily resigned from her position without good cause attributable to her employer, Babson College (Babson).[2] On appeal, the plaintiff claims that the review examiner's findings were insufficient, and his conclusions were erroneous. The plaintiff also claims

_____

[1] Babson College.

[2] The board denied the plaintiff's application for review of the review examiner's decision pursuant to G. L. c. 151A, § 40, making the review examiner's decision the final decision of the board.

that the judge abused his discretion in not remanding for the taking of further evidence. We affirm.

Discussion. We review a decision of the board concerning an individual's entitlement to unemployment assistance to determine whether it contains sufficient findings, whether those findings are supported by substantial evidence, and whether the board applied correct legal principles in reaching its decision. See Connolly v. Director of Div. of Unemployment Assistance, 460 Mass. 24, 26-27 (2011); Tri-County Youth Programs, Inc. v. Acting Deputy Director of Div. of Employment & Training, 54 Mass. App. Ct. 405, 408 (2002). Although no deference shall be given to the judge's decision under these circumstances, see Curtis v. Commissioner of Div. of Unemployment Assistance, 68 Mass. App. Ct. 516, 519 (2007), this court "shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14. "The agency's decision may only be set aside if the court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law." DiGiulio v. Director of Dep't of Unemployment Assistance, 94 Mass. App. Ct. 292, 293 (2018), quoting Coverall N. Am., Inc. v. Commissioner of Div. of Unemployment Assistance, 447 Mass. 852, 857 (2006).

2

Under G. L. c. 151A, § 25 (e), an employee who leaves her position voluntarily is disqualified from receiving unemployment assistance unless she can establish by substantial and credible evidence that she had good cause for leaving attributable to her employer or can establish that her reasons for leaving were for such an urgent, compelling, and necessitous nature as to make her separation involuntary.  See Still v. Commissioner of Employment & Training, 423 Mass. 805, 809 (1996).  "[A] resignation that might otherwise appear voluntary will be deemed involuntary if the employee reasonably believed that [her] discharge was imminent."  Connolly, 460 Mass. at 25, citing White v. Director of Div. of Employment Sec., 382 Mass. 596, 598-599 (1981).

Here, the plaintiff claims that she involuntarily resigned under the reasonable belief that her termination was imminent. The hearing examiner's findings and the administrative record indicate that as of July of 2021, Babson instituted COVID-19 protocols that required all unvaccinated employees, such as the plaintiff, to wear masks indoors while on campus and test weekly for the virus but did not require the same of any vaccinated employees.  In early July of 2021, the plaintiff reached out to both human resources and her supervisor with concerns about

returning to in-person work[3] and requested an accommodation, which was not provided due to the nature of her position as an operations coordinator for undergraduate and graduate admissions.

On July 9, 2021, she had a virtual meeting with Babson's director of admissions, after which the plaintiff received an email message stating she would need to report to work in person

---

[3] The plaintiff claims that the review examiner mischaracterized her position as merely not wanting to follow the in-person COVID-19 protocols for unvaccinated employees. She states that she consistently complied with these protocols and had health and safety concerns about working in person because vaccinated employees and visitors, who could still contract and spread the virus, were not required to mask indoors or test weekly. In support of this claim, the plaintiff submitted some documents of her COVID-19 test results from 2020 and early 2021. Notably, however, none of these results were received after Babson updated its COVID-19 protocols in July of 2021. The mere fact that the plaintiff complied with the in-person protocols when they applied to all individuals, regardless of vaccination status, does not prove that she desired to follow the protocols once they no longer applied to vaccinated individuals in July of 2021. The plaintiff also testified at the hearing that she did not follow the updated protocols because she believed it would have revealed her vaccination status to others by nature of the fact that her colleagues were all vaccinated. Moreover, the plaintiff's letter of resignation stated, "I continue to feel isolated and discriminated against and bullied into complying to protocols that are only in place for a specific group of people. I feel pressured to follow a protocol that is causing division and fear, especially in light of information that is coming forth showing that fully vaccinated people can still spread the virus." Thus, the review examiner reasonably could have found that the plaintiff did not want to follow the updated in-person protocols for unvaccinated employees. This was, in fact, Babson's position in objecting to the plaintiff's entitlement to unemployment assistance.

on July 12, 2021, and follow COVID-19 protocols, as the failure to do so "will result in disciplinary action." However, July 12, 2021, as well as the following day, were previously approved vacation days for the plaintiff. Within four hours of receiving the director's email message, the plaintiff submitted an immediate resignation letter by email, in which she described how she felt forced to resign from her position due to the updated COVID-19 protocols, lack of an accommodation, and email message she received from the director.

The review examiner did not err in concluding that the plaintiff failed to meet her burden of establishing through substantial and credible evidence that she left work involuntarily under the reasonable belief that her termination was imminent, or for urgent, compelling, and necessitous reasons. The hearing examiner found that Babson provided credible testimony that the July 12, 2021, date to return to work was a mistake and that the plaintiff would not have been expected to report to work on a scheduled vacation day. The plaintiff does not dispute that she failed to make any further inquiry of the director as to her scheduled vacation days and instead sent her letter of resignation in response. The hearing examiner also credited Babson's testimony that no employees were discharged for not being vaccinated and the plaintiff's job was not in jeopardy at the time she quit. As this court defers to

5

the board on issues of credibility and the weight of the evidence and will not displace the board's choice between conflicting views, see Curtis, 68 Mass. App. Ct. at 520-521, the review examiner could properly find that the plaintiff's belief that she would be imminently terminated was unreasonable.

Alternatively, the plaintiff claims that she voluntarily resigned for good cause attributable to Babson, i.e., that Babson failed to address her health and safety concerns.  The plaintiff relies in part on Carney Hosp. v. Director of Div. of Employment Sec., 382 Mass. 691 (1981), which held that an employee's reasonable belief that her work environment was causing a recurrent, severe skin infection constituted a reason of "urgent, compelling, and necessitous nature" to render her resignation involuntary.  However, the plaintiff did not have a reasonable belief that her work environment, itself, was causing any severe health issues; in fact, the record lacks any evidence that anyone, including the plaintiff, actually contracted COVID-19 after Babson updated its COVID-19 protocols.  Moreover, the hearing examiner found that Babson's COVID-19 protocols were reasonable to protect its staff and students during a global pandemic, did not require the plaintiff to be vaccinated, and provided a reasonable alternative if she chose to remain unvaccinated, and that the plaintiff was not "singled out" by them.  Therefore, the hearing examiner did not err in concluding

6

that the plaintiff voluntarily resigned without good cause attributable to her employer.

Finally, the plaintiff claims that the judge abused his discretion in not remanding for the taking of further evidence concerning her allegations of harassment, discrimination, imminent discharge, and an unsafe work environment.  This claim was not raised below, and it is therefore waived.  See Green v. Brookline, 53 Mass. App. Ct. 120, 128 (2001).

Even if the claim was not waived, it has no merit. Substantial evidence regarding these allegations was adduced through testimony at the hearing and in documents the parties submitted to the board and the review examiner.  The review

examiner's findings also sufficiently indicate that he considered these claims and rejected them.

                                    Judgment affirmed.

                                    By the Court (Meade,
                                      Englander & Hodgens, JJ.[4]),

                                    _[signature]_

                                    Assistant Clerk


Entered:  May 15, 2024.

---

[4] The panelists are listed in order of seniority.